UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH TALARICO, individually and on behalf of all others similarly situated, 510 2nd St. Apt. 206 Lancaster, PA 17603<br><br>Plaintiffs,<br><br>vs.<br><br>PUBLIC PARTNERSHIPS, LLC, d/b/a PCG PUBLIC PARTNERSHIPS, 40 Broad Street, 4th Floor Boston MA 02109<br><br>Defendant. | Case No. _____<br><br><br>Complaint – Class Action |

## COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Plaintiff Ralph Talarico (Plaintiff), individually and on behalf of all others similarly situated (the Class), by and through his undersigned attorneys, brings this action against Defendant Public Partnerships, LLC (PPL), d/b/a PCG Public Partnerships (PCGPP) (Defendant) for failing to pay its direct care workers all of the overtime pay required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, Pennsylvania's Minimum Wage Law (PMWL), 43 Pa. Stat. Ann. § 333.101 *et seq.*, and Pennsylvania's Wage Payment and Collection Law (PWPCL), 43 Pa. Stat. Ann. § 2601.1 *et seq.* Plaintiff alleges as follows:

1. This case arises out of Defendant's systemic, company-wide failure to pay Plaintiff and thousands of similarly situated employees the overtime wages to which they were entitled for work performed as direct care workers. Defendant paid direct care workers straight time only, omitting or incorrectly calculating the overtime premium required by law.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has jurisdiction over all of Plaintiff's claims pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because there exists diversity of citizenship for purposes of CAFA and because the total amount in controversy exceeds $5 million. Such diversity exists as at least one member of the putative class is a citizen of a state other than the state of the Defendant's citizenship. Additionally, this Court has jurisdiction over Plaintiff's state law claims pursuant to the doctrine of supplemental jurisdiction, as provided in 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, because Plaintiff resides in this District, Defendant conducts business in this District, and the majority of the events or omissions giving rise to the claims occurred in this District. *See* 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Ralph Talarico is an adult resident of Lancaster County, Pennsylvania.

5. At all times relevant to this case, Mr. Talarico was an employee of Defendant, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g), by the PMWA, 43 Pa. Stat. Ann. § 333.103, and by the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. Ann. § 260.2a, and worked for Defendant as a direct care worker in and around Lancaster County, Pennsylvania.

6. Mr. Talarico has filed a consent to join this action. *See* Ex. A.

7. Defendant PPL is a limited liability company incorporated in Deleware, with its headquarters at 40 Broad Street, 4th Floor, Boston, Massachusetts 02109. PPL is a subsidiary of PCG. PPL is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the PMWA, 43 Pa. Stat. Ann. § 333.103, and the PWPCL, 43 Pa. Stat. Ann. § 260.2a.

8. Defendant commonly provides direct care services, including companionship, personal care and domestic assistance to individuals with disabilities and the elderly in their homes.

9. Defendant operates in 21 states and the District of Columbia. Upon information and belief, it employs over 10,000 employees in Pennsylvania.

10. Defendant's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

11. Defendant employs direct care workers to provide companionship, personal care and domestic assistance for eligible individuals ("clients") in Pennsylvania.

12. Defendant employed Plaintiff and other similarly situated direct care workers in Pennsylvania.

13. In the alternative, Defendant is a joint employer with the clients for whom Plaintiff and other similarly situated home care workers provided care. *See* 29 C.F.R. 791.2(a); DOL Administrator's Interpretation 2014-2.

### FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

14. Plaintiff Ralph Talarico and those similarly situated are employed by Defendant as direct care workers. They provide companionship, personal care and domestic assistance services to clients, including bathing, feeding, some light housework, arranging transportation or transporting the client to appointments, administering medication, and other similar tasks.

15. Plaintiff and those similarly situated are entitled to be paid one-and-a-half times their regular rate (the overtime premium) for hours worked over forty per week.

16. Plaintiff and those similarly situated have been entitled to payment of overtime premiums under the Pennsylvania Minimum Wage Act throughout the entire time period covered by this suit.

17. Plaintiff and those similarly situated have been entitled to payment of overtime

premiums under the Fair Labor Standards Act since January 1, 2015. 29 C.F.R. § 552.109(a).

18. Prior to late January, 2016, Defendant maintained a policy of paying all hours worked at the regular hourly rate, with no overtime premium for hours over forty per week. In late January, 2016, Defendant began paying some, but not all, of the required overtime premium, and subsequently paid back wages to some direct care workers to cover the overtime premium from November 13, 2015 through the date overtime payments began.

19. Defendant has never paid overtime wages for work performed prior to November 13, 2015.

20. For the period after November 13, 2015, Defendant has not paid all overtime premiums due. First, Defendant has not totaled all hours worked in calculating overtime, instead considering only hours worked with a single client. Second, Defendant has excluded time spent traveling from one client to the next. Third, Defendant has not paid overtime due even in some work weeks where more than 40 hours work was completed for a single client as reflected on paystubs issued by Defendant.

21. During the relevant time period, Mr. Talarico and others similarly situated regularly worked over 40 hours per week without receipt of the required overtime premium.

22. Plaintiff Talarico seeks to represent a collective action of similarly situated workers who were subject to this improper policy under the FLSA and a Rule 23 class action of workers raising common issues under state law.

23. The FLSA exempts "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. § 213(a)(15). The Secretary has defined and delimited those terms such that "Third

party employers of employees engaged in companionship services within the meaning of § 552.6 may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15) of the Act, even if the employee is jointly employed by the individual or member of the family or household using the services." 29 C.F.R. § 552.109(a). Furthermore, *no* employer may avail itself of the companionship exemption if the employee spends more than 20% of his or her time on work beyond simple provision of companionship. For example, if the time spent assisting with the activities of daily living, engaging in housework, meal preparation, or assisting with medication or arranging for medical appointments constitutes more than 20% of the hours worked, then no employer can claim the companionship exemption. 29 C.F.R. § 552.6. As of January 1, 2016, the significantly narrowed companionship exemption that remains in the FLSA does not apply to Mr. Talarico or similarly situated workers. 29 C.F.R. § 552.109(a).

24. Pennsylvania state law entitles direct care workers who are not employed solely by a private household—such as those also employed by a third-party agency—to receive overtime payments for hours worked over 40 per workweek. *See* 43 Pa. Stat. Ann. §§ 260.3(a), 260.5(a), 333.105(a)(2).

25. Defendant contracts with state agencies to provide Medicaid-funded direct care services to qualifying individuals who are elderly or disabled. In Pennsylvania, Defendant contracts with the Office of Long Term Living Program and the Office of Developmental Programs, both of which fall under Pennsylvania's Department of Public Welfare.

26. Defendant is responsible for ensuring that direct care workers meet the requirements imposed by the Commonwealth of Pennsylvania and completes screenings and background checks on prospective direct care workers based on these requirements to determine if they are approved for hiring. The client must also agree to the prospective direct care worker.

27. After completing this screening, Defendant hires and authorizes the direct care worker and provides that person with instructions related to their employment, such as reporting of time, confirming the pay rate, and other similar tasks.

28. After employment has begun, should a direct care worker fail to meet any of the requirements established by the Commonwealth of Pennsylvania, Defendant stops receiving public money from the State to pay for the worker and notifies the worker that he or she is no longer eligible to be employed.

29. Defendant informs the direct care workers of the rate they will be paid and of changes to their pay rates. Defendant informs the client as to what rate the direct care worker can be paid, rather than taking direction from the client. Defendant has informed Mr. Talarico of a change to his rate without consulting with the clients for whom Mr. Talarico provides care. Direct care workers and clients are told by Defendant that complaints about wage rates should be directed to PPL. Any other issue related to the accuracy of payroll is dealt with between the direct care worker and Defendant.

30. Upon information and belief, Defendant or another entity acting as a joint employer visited clients one or more times per year to assess their condition and evaluate the direct care workers' job performance.

31. Defendant also retains the right to fire or to discipline direct care workers.

32. Defendant maintains all employment records on the direct care workers.

33. Defendant informs direct care workers of the maximum number of hours they are permitted to work for a client each week. Some direct care workers provide care for more than one client, and Defendant informs them of the maximum number of hours authorized for each client.

34. Defendant tracks these hours by requiring direct care workers to complete weekly timesheets and submit them to Defendant. Clients are required to review and verify direct care workers' reported time.

35. When direct care workers switch from one client to another in the same workday, they are not permitted to report their travel time between the two worksites as part of their hours worked.

36. Defendant administers payroll and issues paychecks to direct care workers. Those checks indicate payment is made by Public Partnership. Defendant also issues W-2s to direct care workers.

37. Defendant suffered and permitted the direct care workers to work more than 40 hours per week. Defendant was aware that direct care workers worked more than 40 hours per week because hours were reported to Defendant reflecting more than 40 hours worked.

38. Prior to late January, 2016 Defendant paid direct care workers at their regular rate for all hours worked, including those over forty per week. After late January, 2016, Defendant paid direct care workers an overtime premium only when they reported working over 40 hours per week for one client; even then Defendant did not always pay overtime due.

39. Defendant willfully operated under a common policy or scheme to deprive the direct care workers it employs of proper overtime compensation by paying them only their regular rate for all hours worked, in contravention of the requirements of federal and state law mandating payment of one-and-a-half times their regular rate of pay for all hours worked over 40 in a work week.

40. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

41. Mr. Talarico and others similarly situated have been harmed by Defendant's policies and practices and the loss of duly earned income they create, and they are entitled to lost wages, liquidated damages, interest, and reasonable attorney's fees and costs.

## PLAINTIFF RALPH TALARICO WAS SUBJECT TO AND HARMED BY THE ILLEGAL PRACTICES

42. Plaintiff Ralph Talarico has worked as a direct care worker for Defendant since January 2013, when Defendant took over from his former employer. At that time, he was required by Defendant to undergo its background screening process, even though he had previously been screened by his prior employer and neither his job duties nor his clients changed.

43. When Mr. Talarico transitioned to employment with Defendant, Defendant notified him of the hourly rate that he would be paid.

44. In his role as a direct care worker, he provided companionship, personal care, and domestic assistance to individuals living with disabilities, including bathing, feeding, some light housework, arranging transportation for the client, administering medication, and other similar tasks.

45. Mr. Talarico regularly works 60 hours per week for one client, E.W.,[1] and six hours per week for a second client, M.J. He is also "on call" for two additional clients in the event of gaps in care or emergencies. In total, Mr. Talarico regularly works at least 60 hours per week, and sometimes more. For example, in the work week starting on November 9, 2014, Mr. Talarico worked 68 hours total; on the second work week in that pay period, the week beginning on November 16, 2014, Mr. Talarico worked 60 hours. Similarly, timesheets from January 2015 show Mr. Talarico working 60 hours on both work weeks beginning January 18 and January 25,

---

[1] Names redacted for privacy and HIPAA purposes.

8

2015.

46. Defendant is responsible for administering Mr. Talarico's pay and tax withholdings.

47. Defendant's name alone is on Mr. Talarico's paystubs. Defendant's name, along with that of the client, is on his W-2 form.

48. Mr. Talarico is paid every two weeks on an hourly basis, for all time reported on timesheets that Defendant required him to fill out and submit to Defendant.

49. Mr. Talarico did not receive any overtime wages during the period of time he has been employed by Defendant, until late January, 2016.

50. In 2016, however, Defendant provided Mr. Talarico some backpay owed to him, for the overtime premium earned on hours worked between November 13, 2015 and the date in January 2016 when Defendant began paying overtime.

51. Mr. Talarico never received any payment for the overtime premiums due for hours worked prior to November 13, 2015. He was only ever paid straight time for those hours worked. Moreover, on days when he worked for more than one client, he was not paid at all for the time required to travel from one client to the next.

52. Even after January 2016, Mr. Talarico was not paid for all overtime hours he worked. He was not paid for, nor permitted to report, any time he spent traveling from one client to the next. More significantly, he was paid overtime only when the hours he worked with a single client exceeded forty hours per week. Finally, even when his paystub reflected over forty hours per week for a single client, he was not always paid overtime. For example, the checks covering the payperiod February 26 to March 11, 2017 show he worked 12 hours for a client with initials MJ and 81.5 hours for a client with initials EW. Specifically, during the week of February 26 to

March 4, he worked six hours for MJ and 41.5 hours for EW, for a total of 47.5 hours. But he was paid no overtime premium, neither for his total overtime hours worked, nor for the 1.5 hours of overtime he worked for a single client, EW.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53. Defendant intentionally failed to pay its direct care workers all of the overtime pay required by the FLSA, 29 U.S.C. § 201, *et seq*.

54. Plaintiff brings Count I below individually and on behalf of all direct care workers in Pennsylvania who were employed by Defendant between January 1, 2015 and until the date of final judgment in this matter, and worked over 40 hours in one or more work weeks (the proposed FLSA Collective).

55. Members of the proposed FLSA Collective are similarly situated.

56. Members of the proposed FLSA Collective have had substantially similar job requirements and pay provisions, and they were all subject to a common policy or practice that required or permitted them to perform work in excess of forty hours per workweek for the benefit of Defendant, without compensation at time-and-a-half for the hours worked over forty.

57. Plaintiff estimates that there are thousands of similarly situated current and former direct care workers whose FLSA rights to overtime payments were violated by Defendant.

58. These similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

59. These individuals would benefit from the issuance of court-supervised Notice and the opportunity to join in the present lawsuit.

60. Plaintiff and members of the proposed FLSA Collective should therefore be permitted to pursue their claims collectively, pursuant to 29 U.S.C. § 216(b).

61. A collective action will provide the most efficient mechanism for adjudicating the

claims of Plaintiff and the FLSA Collective members.

62. Plaintiff Ralph Talarico requests that he be permitted to serve as a representative of those who consent to participate in this action and that the action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## RULE 23(b)(3) PENNSYLVANIA CLASS ACTION ALLEGATIONS

63. Pursuant to Federal Rule of Civil Procedure 23, Mr. Talarico brings a claim for relief to remedy Defendant's violations of the Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. Ann. § 333.103.

64. Mr. Talarico seeks to bring these claims on behalf of all direct care workers in Pennsylvania who have been or will be employed by Defendant at any time between three years prior to the filing of this Complaint and until the date of final judgment in this matter (the Rule 23 Class).

65. The proposed class is easily ascertainable. The number and identity of class members may be determined from Defendant's payroll records and time records.

66. The proposed class also meets all the requirements of Rule 23(a) and (b)(3):

    a. Numerosity: Upon information and belief, the proposed class is at least several thousand individuals. This class size is so numerous that joinder of all class members is impracticable. In addition, the disposition of these individuals' claims as a class will benefit both the parties and the Court.

    b. Commonality: Plaintiff and all members of the proposed class have been harmed by Defendant's failure to compensate direct care workers for all hours worked, including time-and-a-half for hours in excess of forty per week. Therefore, there is a well-defined commonality of interest in the questions of law and fact applicable to Plaintiff and

the putative class. Those common questions include, but are not limited to, the following:

    i.    Whether Defendant failed or refused to pay Plaintiff and members of the proposed class overtime wages for hours worked in excess of forty per week;

    ii.    Whether Defendant's refusal to pay such compensation is in violation of the PMWA;

    iii.    Whether Defendant's refusal to pay such compensation is in violation of the PWPCL; and

    iv.    Whether Defendant's refusal to pay overtime was willful.

    c.    **Typicality**: Plaintiff and members of the proposed class were subject to the same unlawful policies, practices, and procedures and sustained similar losses, injuries, and damages. All class members were subject to the same compensation practices by Defendant, as alleged herein, through which they were paid based on hours worked but were not paid all earned wages, including time-and-a-half for hours worked over forty per week. Defendant's compensation policies and practices affected all class members similarly, and Defendant benefited from the same type of wrongful acts against each class member. Plaintiff's claims are therefore typical of the claims that could be brought by any member of the class, and the relief sought is typical of the relief that could be sought by each member of the class in separate actions.

    d.    **Adequacy of Representation**: Plaintiff is able to fairly and adequately protect the interests of all members of the class, as he is challenging the same practices as the class as a whole, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour law and complex class action litigation.

    e.  Predominance and Superiority: The common questions identified above predominate over any individual issues, which would relate solely to the amount of relief due to each class member. Such individual relief issues should be readily resolved by reference to the timesheets submitted to Defendant. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

    f.  On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual claims separately would be substantial and significantly more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

g. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

## COUNT I

**Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
*On Behalf of Plaintiff and the FLSA Collective*

67. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

68. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

69. The FLSA requires covered employers like Defendant to pay non-exempt employees like Plaintiff and the FLSA Collective no less than one-and-a-half times their regular rate of pay for all hours worked in excess of forty in a workweek. 29 U.S.C. § 207.

70. Plaintiff and the FLSA Collective regularly worked more than forty hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

71. Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

72. Defendant knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

73. Defendant's willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

74. As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid

overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT II

**Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. § 333.101** *et seq.*
*On Behalf of Plaintiff and the Rule 23 Class Members*

75. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

76. At times relevant to this action, Plaintiff and the Rule 23 Class were employees and Defendant has been an employer within the meaning of the PMWA, 43 Pa. Stat. Ann. § 333.103.

77. The overtime wage provisions of the PMWA, 43 Pa. Stat. Ann. § 333.104(c), and its supporting regulations, 34 Pa. Code § 231.41, apply to Defendant's employment of Plaintiff and the proposed class.

78. Defendant has failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the PMWA, 43 Pa. Stat. Ann. § 333.104(c).

79. By Defendant's failure to pay Plaintiff and the Rule 23 Class Members overtime wages for hours worked in excess of forty per week, it has willfully violated the PMWA and the supporting regulations.

80. Due to Defendant's violations of the PMWA, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages. *See* 43 Pa. Stat. Ann. § 333.113, § 260.10.

## COUNT III

**Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. Ann. § 2601.1** *et seq.*
*On Behalf of Plaintiff and the Rule 23 Class Members*

1. Plaintiff incorporates by reference the allegations asserted above as if fully set forth herein.

2. Plaintiff and the Rule 23 Class earned overtime as part of their work for Defendant.

3. Defendant, however, failed to pay Plaintiff and the Rule 23 Class overtime payments as wages earned in the succeeding pay period after they were earned, in violation of the Pennsylvania Wage Payment and Collection Law (PWPCL), which carries a statute of limitations of three years. 43 Pa. Stat. Ann. §§ 260.3(a), 260.5(a), 260.9a(g).

4. At times relevant to this action, Plaintiff and the Rule 23 Class were employees and Defendant has been an employer within the meaning of the PWPCL and are therefore subject to the PWPCL, 43 Pa. Stat. Ann. § 260.2a.

5. By Defendant's failure to pay Plaintiff and the Rule 23 Class Members overtime wages in the succeeding pay period after that overtime was earned, Defendant has willfully violated the PWPCL.

6. Due to Defendant's violations of the PWPCL, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest. *See* 43 Pa Stat Ann §§ 260.9a(b), 260.10.

## **PRAYER FOR RELIEF**

Plaintiff, and all those similarly situated, collectively request that this honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA and designate the Plaintiff as the representative of all those similarly situated under the FLSA collective action, 29 U.S.C. § 216(b).

2. At the earliest possible time, authorize that Notice of this collective action be issued by the Court or Plaintiff to all persons who have at any time since January 1, 2015, up through and

including the date of this Court's issuance of court-supervised notice, been employed by Defendant as direct care workers. Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages.

3. Grant leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court.

4. Issue an Order certifying a class of Pennsylvania employees pursuant to Rule 23 and designate Plaintiff as a class representative.

5. Issue an Order appointing the undersigned counsel as Class Counsel pursuant to Rule 23(g).

6. Award Plaintiff and all similarly situated employees actual damages for unpaid wages and liquidated damages equal to the unpaid wages found due to Plaintiff and the class as provided by the FLSA, 29 U.S.C. § 216(b), and award Plaintiff and the Rule 23 Class members actual damages for unpaid wages and liquidated damages in the amount of twenty-five percent (25%) of the unpaid wages found due to Plaintiff and the class as provided by the PMWA and PWPCL, 43 Pa. Stat. Ann. § 260.10.

7. Award Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate as provided by the FLSA, 29 U.S.C. § 216(b), and pursuant to Pennsylvania law, 41 Pa. Stat. Ann. § 202.

8. Award Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements as provided by the FLSA, 29 U.S.C. § 216(b), and pursuant to the PMWA and the PWPCL, 43 Pa. Stat. Ann. §§ 260.9a, 333.113.

9. Award Plaintiff and all those similarly situated further legal and equitable relief as

this Court deems necessary, just, and proper.

Dated: May 9, 2017

Respectfully submitted,

ARNOLD, BEYER & KATZ

Richard Katz, PA Bar No. 20702
140A East King Street
Lancaster, PA 17602

COHEN MILSTEIN SELLERS & TOLL, PLLC
Christine E. Webber, DC Bar No. 439368*
Miriam R. Nemeth, DC Bar No. 1028529*
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
cwebber@cohenmilstein.com
mnemeth@cohenmilstein.com

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133*
Robert L. Schug, MN Bar No. 0387013*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 215-6870
srey@nka.com
schug@nka.com

*Pro Hac Vice Motions forthcoming

*Attorneys for Plaintiff Ralph Talarico, the putative FLSA Collective, and the putative Rule 23 Class*