**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH TALARICO, INDIVIDUALLY AND, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | } } } | |
| | } | Docket No. 17-2165 |
| Plaintiffs, | } | |
| | } | |
| v. | } | |
| | } | |
| PUBLIC PARTNERSHIPS LLC, D/B/A PCG PUBLIC PARTNERSHIPS, | } } | |
| | } | |
| Defendant. | } | |

**ORDER**

AND NOW, to wit, this ___ day of _____, 201_, upon consideration

of the Motion of the Defendant for summary judgment, there being no disputed issues of fact, IT

IS HEREBY ORDERED that the said Motion be granted.  Summary judgment is hereby entered

in favor of the Defendant and against the Plaintiffs.


_____
United States District Judge

{K0681283.1}

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RALPH TALARICO, INDIVIDUALLY AND,        }
ON BEHALF OF ALL OTHERS SIMILARLY        }
SITUATED,                                }
                                         }        Docket No. 17-2165
          Plaintiffs,                    }
                                         }        Judge Schmehl
v.                                       }
                                         }
PUBLIC PARTNERSHIPS LLC, D/B/A PCG       }
PUBLIC PARTNERSHIPS,                     }
                                         }
          Defendant.                     }

### DEFENDANT'S RULE 12 (d) MOTION FOR SUMMARY JUDGMENT

Public Partnerships, LLC moves this Honorable Court pursuant to Fed. R. Civ. P. 12 (d) for an Order converting this Motion to a Motion for Summary Judgment under Rule 56 (a), permitting the consideration of matters outside the pleadings and providing the Plaintiff a reasonable opportunity to present material that is pertinent to this Motion; and further, that the Court grant Defendant summary judgment.  In support hereof, Defendant states:

1.      This is a putative Fair Labor Standards Act collective action, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment and Collection Law class action to recover overtime wages that Plaintiff alleges he is owed.

2.      There is a clear, dispositive issue as to which there will be no dispute of material fact, the resolution of which would save the Court and the parties from the time and expense of collective or class action proceedings; to wit, Defendant cannot be liable to Plaintiff for overtime because it was, and is, not his employer.

3.      Defendant agrees to engage in limited discovery on the issue of whether it was the Plaintiff's employer should that be necessary.

{K0681283.1}

4.      Defendant is entitled to summary judgment because Plaintiff, who works as a Direct Care Worker providing personal assistance services to a disabled self-directed participant under the Federal Medicaid Home and Community-Based Services waiver program was employed by the Medicaid participants.  PPL was not Plaintiff's employer.

5.      PPL did not and could not, consistent with the Social Security Act and Center for Medicare and Medicaid Services Regulations, perform any of the functions associated with being an employer.  It did not recruit, hire, determine the pay of, supervise, evaluate, monitor, determine the hours, permit overtime or set the schedule of Plaintiff, and had no authority to discipline or discharge him.  PPL's only role was to perform certain functions as the fiscal agent of the Medicaid Participant.

6.      PPL submits the Declarations of Regina Stewart and Michael C. Hale, with Exhibits, and a supporting Brief.

[Rest of Page Intentionally Left Blank]

{K0681283.1}

WHEREFORE, PPL prays that this Motion be granted and that summary judgment be entered in its favor and against the Plaintiff.

Respectfully submitted,

PUBLIC PARTNERSHIPS LLC, D/B/A
PCG PUBLIC PARTNERSHIPS,

By its attorney,

*/s/ Walter M. Foster*

Walter M. Foster *pro hac vice*
**ECKERT SEAMANS CHERIN &
MELLOTT, LLC**
Two International Place, 16th Floor
Boston, Massachusetts 02110
Telephone: 617.342.6800
Facsimile: 617.342.6899
wfoster@eckertseamans.com

Jonathan R. Nadler (PA ID 80998)
Eckert Seamans Cherin & Mellott, LLC
50 South 16th Street, 22nd Floor
Philadelphia, PA  19102
(215) 851-8410
jnadler@eckertseamans.com

Dated: June 16, 2017

{K0681283.1}

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH TALARICO, INDIVIDUALLY AND, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | } } } } | |
| | } | Docket No. 17-2165 |
| Plaintiffs, | } } | Judge Schmehl |
| v. | } } | |
| PUBLIC PARTNERSHIPS LLC, D/B/A PCG PUBLIC PARTNERSHIPS, | } } } | |
| Defendant. | } | |

## CERTIFICATE OF SERVICE

I hereby certify that, on June 16, 2017, I electronically filed the foregoing document using the

CM/ECF system, and that I served the same by electronic filing via ECF, pursuant to the administrative

procedures of the United States District Court for the Eastern District of Pennsylvania governing the filing

and service by electronic means, upon all counsel of record as follows:

Richard A. Katz, Esquire
Arnold, Beyer & Katz
140A King Street
Lancaster, PA 17602
(717) 394-7204

Christine E. Webber, Esquire *pro hac vice*
Miriam R. Nemeth, Esquire
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave., N.W. Suite 500
Washington, DC 20005
(202) 408-3645

*Attorneys for Plaintiff*

{K0681283.1}

Respectfully submitted,

PUBLIC PARTNERSHIPS LLC, D/B/A
PCG PUBLIC PARTNERSHIPS,

By its attorney,

*/s/ Walter M. Foster*
Walter M. Foster (admitted *pro hac vice*)
Jonathan R. Nadler (PA ID 80998)
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street - 22nd Floor
Philadelphia, PA  19102
(215) 851-8410
jnadler@eckertseamans.com
wfoster@eckertseamans.com

Dated: June 16, 2017

{K0681283.1}