# Exhibit 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

RALPH TALARICO, individually and on behalf of all other similarly situated individuals,

    Plaintiff,

v.

PUBLIC PARTNERSHIPS, LLC, d/b/a PCG PUBLIC PARTNERSHIPS,

    Defendant.

Case No. 17-2165

## DECLARATION OF RALPH TALARICO

1. I am the named Plaintiff in this case and provide personal care services for current Medicaid recipients. I have personal knowledge of the information set forth in this Declaration, except as otherwise noted.

2. I provide the services in Lancaster County, Pennsylvania. I have been so employed for six (6) years. Subsequent to 2013, I have provided services through Public Partnerships, LLC (PPL).

3. Almost every paper I have received regarding my employment since 2013 contains the PPL logo at the top of each page. In order for me to be employed, the Medicaid recipients for whom I provide my services must be a part of PPL's Participant Directed Services (PDS) program. PPL has told me that my employment is contingent upon the Medicaid recipients for whom I provide services participating in the PDS program, so that they would not be able to employ me if they were not participating in the PDS program through which I am employed.

4. My employment to provide the services was contingent upon my successful completion of a criminal background check conducted by PPL.

5. PPL told me that I if I wanted to remain providing services to Medicaid recipients that I had to sign documents that were presented to me by PPL, that designated the Medicaid recipients as a "common law employer", a term I did not then, nor now, understand, or know, what it means.

6. PPL, not the Medicaid recipients, told me which training and qualifications I had to meet in order to provide my services to the Medicaid recipients.

7. In order to be in employed, PPL told me I had to agree to maintain documents as required by PPL, and to report certain events and suspected abuse to the service coordinator. This was not required by the Medicaid recipients themselves.

8. It is PPL that tells me the rate I will be paid, not the Medicaid recipients. The Medicaid recipients for whom I provide the services told me they had no control over this and for me to ask PPL any questions I may have had about my pay. In fact, during the time that I have provided services to Medicaid recipients through this program, when PPL took over the program, it was PPL that told me my rate would be lowered, and told me it was not a decision made by the Medicaid recipients, but that something PPL had to do. In addition, it was PPL who tells me how many hours per week I can provide services, not the individual Medicaid recipients. When I started receiving additional pay rate in 2016, one of the Medicaid recipients was informed by her caseworker that the pay could be increased. He then assisted me in receiving the increase, but it was not her decision or initial request, only that she agreed that I should be paid more.

9. As part of my employment, I agreed to abide by the rules of the PDS program, in addition to any requests or direction from the Medicaid recipients.

10. In order to become employed, I had to acknowledge that I received and understood the policies and procedures of the PDS program by PPL provided to me by PPL. It was PPL that provided me the rules that I had to follow regarding provision of services to the Medicaid recipients.

11. PPL verified that I was not on a list of excluded individuals to be able to provide the services, and told me that they had the authority to determine whether I would be permitted to work and be paid in the program, not the Medicaid recipients.

12. On the time sheets provided by PPL on-line which I must complete for each pay period, the "consumer" name is completed with the name of the Medicaid recipient, but the "employer" name is left blank. In fact, to the best of my knowledge, it was PPL that set up the time keeping system. It was PPL that instructed me in how to report my time. PPL also instructed the Medicaid recipients how to confirm the hours of services I reported.

13. I have had several issues over the years regarding the correctness of my pay. I had to deal directly with PPL regarding these issues, and the client was never involved nor able to resolve the issues for me. My discussions and any resolution have been through PPL.

14. I received my paychecks from PPL as well as my W-2s for each year.

15. When PPL decided to provide me with some of the overtime (OT) I believe I am entitled to receive, it was not a decision made by the Medicaid recipients for

whom I provide services, but came directly from PPL itself. It was PPL that provided me the back pay, retroactive to November, 2016. I do not know why I have not received back OT pay for the services I provided prior to November, 2016, and to which I believe I am entitled. Although I believe the Medicaid recipients I serve support me in receiving the OT for time prior to November, 2016, they are not able to require that payment from PPL to me.

I declare, under penalty of perjury, that the foregoing is true and correct.

_____
RALPH TALARICO

DATED: July 12, 2017