# Exhibit 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH TALARICO, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>PUBLIC PARTNERSHIPS, LLC, d/b/a PCG PUBLIC PARTNERSHIPS,<br><br>　　　　　Defendant. | Case No. 17-2165 |

**DECLARATION OF CHRISTINE E. WEBBER**
**PURSUANT TO FED. R. CIV. P. 56(d)**

I, Christine E. Webber, declare as follows:

1. I am one of the attorneys representing the Plaintiffs in the above-captioned matter. I submit this declaration pursuant to Fed. R. Civ. P. 56(d).

2. The Complaint in this action was filed on May 11, 2017. (ECF No. 1). On May 24, 2017, counsel for Defendant contacted me about whether Plaintiffs would consent to an extension of time for Defendant to respond to the Complaint. The parties subsequently filed a stipulation giving Defendant until June 16, 2017 to answer, plead, or otherwise move. (ECF No. 8.) The parties have not yet conferred pursuant to Fed. R. Civ. P. 26(f), no scheduling conference has been set, and no scheduling order has been issued by the Court.

3. On June 16, 2017, Defendant filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. As set forth in Plaintiffs' response to the motion, even at this early stage of the case, with no formal discovery and an extremely thin factual record, the available evidence demonstrates that genuine issues of material fact preclude summary judgment as to whether

1

Defendant was an "employer" of Plaintiff and the putative class members under the Fair Labor Standards Action and Pennsylvania state law.

4. But if the Court disagrees, and is inclined to grant summary judgment in Defendant's favor, the Court should not do so without giving Plaintiffs an adequate opportunity to obtain discovery and develop a complete factual record. Because this case is still in the pleading stages, Plaintiffs request that the Court simply allow the parties to move forward with full discovery, rather than limit discovery to whether Defendant was an employer under the relevant legal standards. Allowing full discovery to proceed under a normal schedule would be far more efficient than proceeding piecemeal.

5. To the extent that Plaintiffs are required to list the discovery necessary to oppose Defendant's motion for summary judgment, Plaintiffs request the discovery listed below. This discovery bears directly on the "economic realities" of the working relationship between Defendant and its direct care workers, including the following factors, regardless of whether authority was direct or indirect, and whether it was shared with another employer, or solely controlled by Defendant: (1) the authority to hire and fire employees; (2) the authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; (4) the control of employee records, including payroll, insurance, and taxes. *See, e.g.*, *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012).

6. <u>Depositions</u>. Plaintiffs have not yet had the opportunity to take the depositions of the individuals who submitted declarations in support of Defendant's motion for summary judgment: Regina Stewart and Michael C. Hale. These individuals have direct knowledge concerning Defendant's business practices as they relate to the employer-employee dispute at

issue in Defendant's motion. The depositions of these individuals are necessary to challenge the statements made in their declarations, to question them regarding the attached documents (and others that would be obtained through discovery), and to gather other facts relevant to Plaintiffs' opposition of Defendant's motion.

7. In addition to deposing these fact witnesses, Plaintiffs require a deposition of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) covering: (1) Defendant's Grant Agreement for Financial Management Services with the Department of Human Services and its role in Medicaid Home and Community-Based Services waiver programs; (2) Defendant's participation, directly or indirectly in the hiring, training, and firing of direct care workers; (3) Defendant's ability, directly or indirectly, to promulgate work rules and assignments for direct care workers or set conditions of employment including, but not limited to, pay, benefits, and hours; (4) Defendant's participation in and control, directly or indirectly, of the day-to-day supervision or discipline of direct care workers; (4) Defendant's control of the employment records, including payroll, insurance, and taxes of direct care workers; and (5) Defendant's power to influence or control the actions of any other joint employer, such as the nominal common law employer, the consumer participant receiving services.

8. <u>Interrogatories</u>. Plaintiffs have not had the opportunity to serve basic interrogatories identifying the individuals with knowledge concerning Defendant's role in the waiver programs at issue and the company's practices with respect to direct care workers. Such interrogatories might identify additional fact witnesses for deposition.

9. <u>Requests for Production of Documents</u>. Plaintiffs have not yet had the opportunity to request the production of documents relating to: (1) Defendant's Grant Agreement for Financial Management Services with the Department of Human Services and its role in Medicaid

Home and Community-Based Services waiver programs; (2) the hiring, training, and firing of direct care workers; (3) the work rules and assignments for direct care workers or set conditions of employment including, but not limited to, pay, benefits, and hours; (4) the supervision and discipline of direct care workers; (5) Defendant's control of the employment records, including payroll, insurance, and taxes of direct care workers; (6) Defendant's power to influence or control the actions of any other joint employer, such as the nominal common law employer, the consumer participant receiving services.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 14, 2017            /s/Christine E. Webber
                                Christine E. Webber