# Exhibit 7

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop S2-26-12
Baltimore, Maryland  21244-1850



## CMCS Informational Bulletin

**DATE:**    July 3, 2014

**FROM:**    Cindy Mann, Director
Center for Medicaid and CHIP Services

**SUBJECT:**    Self-Direction Program Options for Medicaid Payments in the Implementation of
the Fair Labor Standards Act Regulation Changes

This informational bulletin is intended to assist states in understanding Medicaid reimbursement
options that will enable them to account for the cost of overtime and travel time that may be
compensable as the result of the changes to the Department of Labor's regulations regarding
domestic service employment under the Fair Labor Standards Act (FLSA).

In the Final Rule, Application of the Fair Labor Standards Act to Domestic Service, 78 FR 60454
(Oct. 1, 2013), the Department of Labor (DOL) revised its 1975 regulations pertaining to the
FLSA's companionship services exemption from minimum wage and overtime, and the live-in
domestic service worker exemption from overtime.  These regulatory revisions, which will
become effective on January 1, 2015, have implications for Medicaid home and community-
based programs, including the fact that they may contribute toward a more stable personal care
workforce.  Notably, DOL modified the "third party employment" regulation, 29 C.F.R. 552.109,
to prohibit employers, other than the individuals receiving services or their families or
households, from claiming the companionship services exemption from minimum wage and
overtime or the live-in domestic service employee exemption from overtime (78 FR 60480-85). [1]

The Medicaid program provides states with the ability to offer individuals receiving home and
community based services the choice to direct their own services through several options under
the State Medicaid Plan and waivers found at http://www.medicaid.gov/Medicaid-CHIP-
Program-Information/By-Topics/Delivery-Systems/Self-Directed-Services.html.  These models
represent an important option for individuals and have helped Medicaid long term services and
supports (LTSS) programs better meet the needs and preferences of individuals served.  Based
on the law described in new DOL guidance, referenced below, it is anticipated that many states
will determine that, for purposes of the FLSA, home care workers in self-direction programs
have joint third party employer(s) in addition to being employed by the beneficiary.  In self-
direction models where there is a third party joint employer, the DOL regulation states that all
work is subject to minimum wage and overtime requirements.

---

[1] Descriptions of these FLSA domestic service employment exemptions can be found at :
http://www.dol.gov/whd/homecare/factsheets.htm

Page 2- CMCS Informational Bulletin

**Economic Realities Test**

In order for states to know whether their self-directed[2] programs are impacted by the regulatory changes of the FLSA, they will need to, among other things, determine whether these programs have a third party employer. New DOL guidance, Administrator's Interpretation No. 2014-2 (AI),[3] explains that courts apply an "economic realities" analysis to determine whether an entity is an employer for purposes of FLSA. This "economic realities" test examines a number of factors to determine whether a worker is economically dependent on a purported employer, thus creating an employment relationship. As the DOL guidance describes, the factors considered by the courts include, but are not limited to, whether the potential employer has the power to hire and fire the employees, supervise and control the employees' work, determine the rate of payment, maintain employment records, and control where the work is performed. The DOL guidance describes that no one factor is controlling, and whether a particular entity is an employer for FLSA purposes is based on the totality of the circumstances.

CMS strongly encourages state officials and other potential joint employers to carefully review and develop a working knowledge of the DOL AI, which includes several hypothetical situations that illustrate when there may be a consumer as sole employer, or where there may be one or more third party employers. Each state will need to seek guidance from its own legal counsel, with clarification from DOL, if needed, to determine where the FLSA rules apply in its Medicaid program.

When the DOL regulations become effective on January 1, 2015, the third party employer (whether the state, another public entity, and/or a private entity), may no longer avail itself of the companionship services exemption from minimum wage and overtime compensation, or the live-in domestic service employee exemption from overtime compensation. With the implementation of these regulatory changes regarding the FLSA, many states will need to develop policies and consider programmatic changes in order to address the costs related to overtime and/or worker time spent traveling between worksites (i.e., individuals' homes), to avoid or minimize negative impacts to individual budgets, and to preserve the ability of individuals to self-direct services and supports effectively.

CMS offers technical assistance to states seeking to make adjustments to current or future home and community-based services (HCBS) or other home care programs to accommodate FLSA related costs in Medicaid reimbursement design.

**The Intersection of the FLSA with Medicaid Self-Direction Program Requirements**

After states and other entities evaluate their status as potential third-party employers, states will need to evaluate their self-directed (and other) program structures and policies to ensure compliance with FLSA requirements, and to continue to assure individual access to necessary services identified in the person-centered plan of care as required under Medicaid authorities. We expect that many states will incorporate the new provisions for overtime and travel in order to ensure that individuals are able to remain in their homes with their preferred workers. However, we understand that some states, due to budgetary constraints, may determine the need

---

[2] The FLSA guidance references "consumer-direction." We use the terminology "self-direction" in this bulletin to be consistent with CMS regulations at 42 CFR 441.301 and 42 CFR 441.740. Both terms hold the same meaning.
[3] The AI is available at http://www.dol.gov/whd/homecare/joint_employment.htm.

Page 3- CMCS Informational Bulletin

to implement policies to limit the use of overtime or to minimize the need for compensable travel time between beneficiaries.

When states impose limitations on overtime or the use of compensable travel time, they will need to develop strategies that continue to protect individuals' access to the services and supports authorized in his/her person-centered plan.  For example, as identified in the 1915(c) Waiver Technical Guide,[4] these strategies may need to include exceptions made in the event of state-defined circumstances, such as worker shortages or when requiring additional caregivers would place an individual at risk of harm due to specialized needs of the individual or in an emergency situation.  As always, states should not only consider Medicaid requirements, but also those under the Americans with Disabilities Act and the Supreme Court's decision in *Olmstead v. L.C.*, 527 U.S. 581 (1999).

States that establish an individual budget for each person in self-direction will need to consider how their programs address situations when a worker employed by the third party employer provides services to more than one beneficiary in a given week.  States may need to make adjustments to the reimbursement made to the Financial Management Services (FMS) or other third parties to account for the FLSA requirements.  The two major issues are:

1. Situations in which the cumulative hours worked for all beneficiaries result in overtime costs that are not attributable to any one person's use of services, but must be paid by the third party employer, and
2. Compensable worker time associated with travel between beneficiaries (e.g., from one person's home to another) that is owed to the worker by the third party employer, but which is not a direct Medicaid service attributable to any one beneficiary.

Through long-standing Medicaid policy, overtime costs and compensable travel time costs that are incurred by a direct care worker cannot be considered administrative costs in the Medicaid program.  To be reimbursable under Medicaid, these costs must be allocated as reasonable costs of delivering a covered Medicaid service.  The cost of compensable travel time under FLSA may be considered a reasonable cost of delivering a unit of Medicaid service.

In 1915(c) waivers, costs beyond an individuals' control would not be considered part of a self-directed budget[5] and CMS strongly urges states to ensure that overtime or travel costs beyond an individual's control not be deducted from the individual's self-directed budget under any other HCBS Medicaid authority as well.  Costs that result from a provider working for multiple beneficiaries may be distributed across all the individuals served by a joint employer without being deducted from the individually controlled self-direction budget.

---

[4] 2008. Instructions, Technical Guide and Review Criteria for 1915(c) Home and Community-Based Waivers. Page 252.  Retrieved from http://www.medicaid.gov/Medicaid-CHIP-Program-Information/By-Topics/Waivers/Downloads/Technical-Guidance.pdf on June 25, 2014.

[5] 2008. Instructions, Technical Guide and Review Criteria for 1915(c) Home and Community-Based Waivers.  Page 215.  Retrieved from http://www.medicaid.gov/Medicaid-CHIP-Program-Information/By-Topics/Waivers/Downloads/Technical-Guidance.pdf on June 25, 2014.

Page 4- CMCS Informational Bulletin

**Potential Reimbursement Options When Self Direction Programs Involve Direct Service Workers who Provide Services to More than one Individual per Week**

The following two options are examples of approaches states may use in self-direction programs where there is a third party joint employer and an individual beneficiary controls a service budget. We note some benefits and deficits of each option that states might consider in deciding how to approach reimbursement design:

Option 1. The state designs a new reimbursement option under which a financial management services agency would submit claims for each self-directed consumer to the Medicaid agency that includes: 1) the actual service costs incurred from each individual (to be deducted from his/her authorized self-directed budget, which could include, if authorized, overtime costs incurred just for that individual beneficiary); and 2) a per member/per month service fee negotiated with the state to cover expected overtime and travel costs across the FMS' book of business.

Considerations:

    a. Individuals would still be able to control a budget for individually controllable costs and the rate development would be similar to that of agency-based care.
    b. In order to keep actual costs of overtime and compensable travel time at or below the per member/per month fee, the FMS may have an incentive to restrict some individuals' preference for workers.
    c. This will also necessitate the ability to create PMPM rate setting that will be new to implement and review.

Option 2. The state/program operating agency/FMS allocates the actual compensable overtime and travel costs that workers accrue across all of the beneficiaries that received Medicaid reimbursable services from the third party employer.[6] Medicaid would reimburse actual overtime and travel costs as a cost of providing service, divided amongst beneficiaries, but the costs would not be deducted from individual self-directed budgets. Under Medicaid, as noted above, the compensable travel and/or overtime costs cannot be billed as an administrative cost. Therefore, the payments for shared overtime and travel will be factored into service cost across all beneficiaries. The overtime and travel time becomes a FFS reimbursement from Medicaid to the operating agency.

Considerations:

    a. A formula-based system may be easier than attempting to more discretely allocate shared costs to specific individuals who share a worker.
    b. As a fee for service reimbursement from the Medicaid program to the agency, budgeting for the program would be less predictable.

---

[6] When a third party employer (such as a state or operating agency) has multiple entities who process payroll, the employer will need to have a mechanism to track whether employees are receiving pay from more than one entity and thus possibly should be paid overtime and/or compensable travel between beneficiaries.

Page 5- CMCS Informational Bulletin

**Potential Options When the State Sets the Rates and Authorizes the Number of Hours or Other Units an Individual Receives**

The following are examples of reimbursement approaches a state Medicaid program could use when the state sets the rates and authorizes the number of hours or other units of service a beneficiary can receive. They are based on use of an hourly or other unit reimbursement rate rather than an overall service budget controlled by the beneficiary.

Option 1. The FMS or other designated entity, through an employment agreement, receives a unit service rate, which includes reimbursement developed to reflect both the FMS activities and the workers' pay (including overtime and travel compensation). This would be a flat unit rate across all beneficiaries.

Considerations:

      a. Would be consistent with other community based unit payment methods.
      b. The FMS may restrict some beneficiary preference for workers, where the FMS would be at risk for high overtime costs.

Option 2. The state develops tiered payment rates or modifiers to a base rate, which may include multiple factors such as: incremental compensable overtime, distance from town or county center, acuity factors, and provider availability (to account for overtime and travel if needed). A state may choose to implement this as modifiers to procedure codes. This is essentially risk adjustment to Option 1, above, to account for individuals where factors that would increase cost are present.

Considerations:

      a. States may already have such systems in place for shift differentials or other added cost.
      b. May be administratively complex to monitor appropriate use of modifiers and to control costs to valid use. The state will need to develop documentation standards to properly account for the additional payments.
      c. May be administratively complex to determine which individuals qualify for each separate modifier, who can authorize each modifier, and develop and monitor these processes.

**Payment When the Individual is the Sole Employer**

When a beneficiary is considered a sole employer under the economic realities test as described in the DOL AI, s/he may have new obligations to pay minimum wage and/or overtime compensation due to the new rule's narrowed definition of "companionship services."[7] If the services provided by the worker do not meet this new definition, the DOL guidance clarifies that the beneficiary must now pay minimum wage and overtime compensation for all hours worked,

---

[7] Descriptions of FLSA domestic service employment exemptions can be found at: http://www.dol.gov/whd/homecare/factsheets.htm.

Page 6- CMCS Informational Bulletin

unless the worker is live-in, in which case there may still be an overtime exemption.[8]  Additional cost considerations for overtime must meet state program rules and should be factored into the individual's self-directed budget.

Currently, states have different policies on overtime.  Some allow beneficiary discretion within a self-directed budget, and others allow beneficiary discretion only in exceptions where needed for health and welfare.  The state will have to consider and account for new FLSA policies in determining the beneficiary budgets for self-directed care when overtime will be a factor.  A worker may incur overtime working for just one beneficiary who is considered the sole employer, and, in that situation, treatment of overtime could be rightfully allocated to the beneficiary incurring the cost.  It should be noted that transportation to and from the employer at the beginning and end of the work day (i.e., commuting time) is never required to be paid.

*       *       *       *       *

In conclusion, CMS reminds states that they should consult DOL's guidance and seek legal counsel in determining where and how FLSA impacts direct care programs operating under Medicaid.  CMS is available to offer technical assistance to states seeking to adjust Medicaid reimbursement and other program policies to appropriately support FLSA compliance in home and community based LTSS.

If you have any questions in regard to this bulletin, please contact Dianne Kayala at Dianne.kayala@cms.hhs.gov.

---

[8] The live-in domestic service employee exemption fact sheet is located at: http://www.dol.gov/whd/homecare/factsheets.htm.