IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RALPH TALARICO, individually and on behalf
Of all others similarly situated,

        Plaintiff,

    v.

PUBLIC PARTNERSHIPS, LLC, d/b/a PCG,
PUBLIC PARTNERSHIPS,

        Defendant.

CIVIL ACTION
NO. 17-2165

## MEMORANDUM OPINION

**Schmehl, J. /s/ JLS**                                   **August  20, 2018**

      Before the Court is the motion for conditional class certification of Plaintiff Ralph Talarico, individually and on behalf of all others similarly situated ("Plaintiff").  Defendant Public Partnerships, LLC, d/b/a PCG Public Partnerships ("Defendant") has opposed the motion, and Plaintiff has filed a reply.  Having read the parties' briefing, I will grant Plaintiff's Motion for Conditional Certification.

## I.      PROCEDURAL BACKGROUND

     On May 11, 2017 Plaintiff filed his Collective Action and Class Action Complaint alleging violations of  the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"), the Pennsylvania Minimum Wage Act of 1968 (43 P.S. 333.101 *et seq.*) and the Pennsylvania Wage Payment and Collection Law (43 P.S. 260.1 *et seq.*).  Specifically, Plaintiff alleges that Defendant failed to pay Plaintiff and thousands of other similarly situated employees overtime wages to which they are entitled for work performed as direct care workers in the Federal Medicaid program.  Defendant contends that it is not Plaintiff's employer, thus, is not in violation of any of the above-referenced statutes.

Defendant filed a motion to dismiss and sought to convert its motion to one for summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure. By Order filed January 16, 2018, I denied Defendant's motion without prejudice to refile after the close of discovery.

## II.    FACTUAL BACKGROUND[1]

Plaintiff and other similarly situated individuals are thousands[2] of direct care workers that perform services under Defendant's contract with the Commonwealth of Pennsylvania on or after January 1, 2015 relating to a federal Medicaid program called the Home and Community-Based Services ("HCBS") waiver program. Participants in the HBSC program are individuals between the ages of 18 and 60 who have physical disabilities. Regardless of which particular HBSC participant they are providing services for, all the direct care workers share similar primary job duties of providing companionship, personal care and domestic assistance services, including bathing, feeding, light housework, administering medication, arranging or providing transportation for the client to appointments and other similar tasks.

Direct care workers became eligible for overtime under the FLSA as of January 1, 2015. Plaintiff contends that Defendant did not start paying overtime wages until January 2016 and even from then has not paid for all overtime time worked. Plaintiff contends, and Defendant disputes, that Defendant is a joint-employer of the direct care workers. Plaintiff seeks to have any and all outstanding overtime wages owed to him and all those similarly situated by Defendant.

---

[1]    The factual background for the Memorandum Opinion is based on Plaintiff's complaint as well as the briefs the parties filed in connection with Plaintiff's Motion for Conditional Certification.

[2]    Defendant contends that the entirety of the proposed class to receive class notice may be as large as 38,000 individuals.

### III.    LEGAL STANDARD

Section 216(b) of the FLSA authorizes employees to bring an action for minimum-wage, maximum-hour and overtime violations by the employer on behalf of themselves or on behalf of others "similarly situated".[3] Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69, 133 S. Ct. 1523, 1527, 185 L. Ed. 2d 636, 641 (2013). Similarly situated employees must opt in to a collective action in writing, filed with the court if they seek to become parties to a collective action. Carr v. Flowers Foods, Inc., Nos. Civ.A. 15-6391 and 16-2581, 2017 U.S. Dist. LEXIS 11347 at *7-8 (E.D. Pa. Jan. 26, 2017). A district court has the discretion to authorize notice to potential opt-in plaintiffs by conditionally certifying the case as a collective action. Hoffmann-LaRoche, Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 487, 107 L. Ed. 2d 480, 488 (1989). "This feature distinguishes the collective action mechanism under Section [2]16(b) from the class-action mechanism under federal Rule of Civil Procedure 23, where, once the class is certified, those not wishing to be included in the class must affirmatively opt-out." Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 243 (3d Cir. 2013).

The United States Court of Appeals for the Third Circuit has adopted a two-step for deciding whether an action may properly proceed under the FLSA. Id. (citing Zavala v. Wal-Mart Stores, Inc., 691 F.3d 527, 535 (3d Cir. 2012)). At the first step, Plaintiff

---

[3]      Section 216(b) of the FLSA states in pertinent part:

> An action to recover the liability … may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

has the burden to show, by a preponderance of the evidence, that he is "similarly situated" to the members of that have opted-in to the collective action. Camesi, 729 F. 3d at 243. If Plaintiff meets his burden, the court will conditionally certify the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery. Zavala, 691 F.3d at 536.

Plaintiff is only required to make a "modest factual showing" and a "fairly lenient standard" is employed in determining whether Plaintiff has met his burden at the first stage. Camesi, 729 F. 3d at 243. The "modest factual showing" standard is not particularly high, it only requires "some evidence, 'beyond pure speculation' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected the other employees." Symczyk v. Genesis Healthcare Corp., 656 F.3d 189, 193 (3d Cir. 2011) rev'd on other grounds, 569 U.S. 66, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013). "Generally, plaintiffs meet the standard by producing some evidence indicating common facts among the parties' claims, and/or a common policy affecting all the collective members." Kolasa v. BOS Sols., Inc., No. Civ.A. 17-1087, 2018 U.S. Dist. LEXIS 80048 at *9-10 (W.D. Pa. May 10, 2018).

The second stage is addressed after all similarly situated potential plaintiffs have been afforded the opportunity to opt-in and discovery has taken place. Zavala, 691 F.3d at 534. The second stage is a more stringent review of the evidence where the court must make a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to Plaintiff. Camesi, 729 F.3d at 243. The second step may be triggered by Plaintiff's motion for "final certification", by the Defendant's motion for "decertification" or, sometimes by both. If Plaintiff succeeds in

carrying his heavier burden at the second stage, the case may proceed on the merits as a collective action.  Id.

## IV.  DISCUSSION

### A.  Conditional Certification

Plaintiff's proposed class consists of the following members:

> All direct care workers in Pennsylvania who were
> employed by PPL between January 1, 2015 and the date of
> final judgment in this matter, and who worked over 40
> hours in one or more weeks.

(Plaintiff's Memorandum in Support of Motion for Conditional Certification and Court-Approved Notice ('Pl's Memo'), pg. 1).

The United States Court of Appeals for the Third Circuit has identified some relevant factors, among others, that should be considered by a district court when determining whether Plaintiff has met his "fairly lenient standard" at the first stage of certification of a collective action.  Those relevant factors are whether the putative plaintiffs: (1) are employed in the same department, division, and location; (2) advance similar claims; (3) seek substantially the same form of relief; and (4) have similar salaries and circumstances of employment.  Zavala, 691 F.3d at 536-37.

Plaintiff contends that he and the proposed opt-in direct care workers he seeks to represent: (1) perform the same primary job duties; (2) share the same FLSA overtime classification and pay structure; (3) were subject to the same allegedly illegal pay practice; and (4) are all paid by the hour and commonly work over 40 hours in a work week.  Plaintiff further contends that Defendant's previous motion for summary judgment

alleging that it is not a joint employer under the FLSA and Pennsylvania state law is also evidence that there is a need for common adjudication.[4]

Defendant contends that it is premature to consider conditional certification in the absence of any evidence of a properly defined class and that there is no prejudice to plaintiff or any putative class members because Defendant will agree to toll the statute of limitations pending discovery. Furthermore, Defendant asserts that this matter will require individualized determinations that make conditional certification inappropriate.

Having reviewed Plaintiff's briefs and exhibits, I am satisfied that Plaintiff has made a modest factual showing that he is similarly situated to the proposed class. I have also reviewed and considered the arguments against conditional certification set forth by Defendant in its briefing. Defendant's arguments are geared toward the merits of this action. "The merits of Plaintiff's claims do not need to be evaluated at this stage in order for notice to be approved and sent out to proposed conditional collective action members; this Court evaluates only whether the Plaintiffs are similarly situated." Pereira v. Foot Locker, Inc., 261 F.R.D. 60, 63-64 (E.D. Pa. 2009). The issues raised by Defendant are more properly addressed in a motion for decertification at the second stage of the conditional certification process, or in a motion for summary judgment after the completion of discovery. See Carr, 2017 U.S. Dist. LEXIS 11347 at *11, n. 3.

**B.     Notice**

With respect to the form of notice to opt-in plaintiffs, district courts have broad discretion under the FLSA to facilitate the notice process. Id. at *11. The parties originally differed on the form and substance of the notice. On June 18, 2018, the parties filed a joint form of notice, agreed to after extensive discussions between the parties. (See

---

[4]     Pl's Memo, pgs. 8-10.

Docket Entry 64-1). I have reviewed the proposed notice and approve and authorize its use in this matter.

Furthermore, the parties originally disagreed on the method of serving the notice. Plaintiff originally sought to have notice served on prospective plaintiffs by mail, electronic mail ("e-mail") and text message. Defendant agreed to have notice sent by mail and e-mail, but opposed service by text message. However, in his reply, Plaintiff withdrew his request to have notice sent by text message. Thus, I approve notice being sent by mail and e-mail to prospective plaintiffs.

The parties disagree on who should send the notice to prospective class members. Plaintiff argues his counsel should be permitted to do so. Plaintiff cites two cases in support of permitting counsel to send the notice.[5] Defendant seeks to have a third-party class notice administrator handle sending out the notice because it contends that Plaintiff's counsel may seek to improperly influence persons to join the class. Defendant cites no caselaw in support of the proposition that Plaintiff's counsel should not be permitted to send of the notice. "[N]otice of conditional certification is most commonly given by Plaintiff's counsel and the Court sees no reason to depart from that practice in this case." Pontius, 2005 WL 6103189 at *4. Plaintiff's counsel is appropriate to serve notice on the putative plaintiffs and I see no reason to employ a third-party administrator for this task.

Next, the parties disagree on whether a reminder notice should be sent to the prospective class participants. Plaintiff argues that a reminder notice is appropriate because direct care workers are persons that devote their lives to caring for other people,

---

[5]     Pontius v. Delta Financial. Corp., No. Civ.A. 15-0123, 2005 WL 6103189, at *4 (W.D. Pa. July 24, 2005); Goldman v. RadioShack Corp., No. Civ.A. 03-0032, 2003 WL 21250571, at *11 (E.D.Pa. Apr. 16, 2003) .

often subordinating their own needs for the needs of their clients, and work long hours away from their own homes. Plaintiff asserts that a reminder notice would be useful for ensuring that potential plaintiffs are aware of their rights. Defendant contends that with two types of notice being sent (mail and e-mail), together with the skip-tracing it does not oppose for returned mail, there is no need for a reminder notice to be sent.

I find Plaintiff's argument for permitting a reminder notice persuasive. A reminder notice better ensures that putative plaintiffs who do not receive, open, view or forget about the initial notice have the additional opportunity to timely file an opt-in, if they so desire. See Shoots v. iQor Holdings US Inc., No. Civ.A. 15-563, 2015 WL 6150862, at * 23 (D. Minn. Oct 19, 2015).

Finally, Plaintiff seeks an Order requiring Defendant to produce, within ten days of the Court's Order, a list, in electronic format, of all direct care workers who have been paid by Defendant for the work they have performed at any time since January 1, 2015, including their: (1) name; (2) current or last known mailing address; (3) current or last know e-mail address; (4) current or last known telephone number; (5) dates of employment; (6) employee identification number; if any; and (7) last four digits of their social security number.[6] Defendant does not oppose providing any of this information. Accordingly, I will approve Plaintiff's request in this regard.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Conditional Certification is granted.

---

[6]  Pl's Memo, pgs. 15-16.