# Exhibit F

```
 1                IN THE COURT OF COMMON PLEAS
 2                   OF PHILADELPHIA COUNTY

 3

 4    RALPH TALARICO, Individually
      and on behalf of all others
 5    similarly situated,

 6         Plaintiffs

 7      vs                              No. 17-2165

 8    PUBLIC PARTNERSHIPS, LLC,
      d/b/a PCG PUBLIC PARTNERSHIPS,
 9
           Defendants.
10    - - - - - - - - - - - - - - - - - - - - - -

11

12
                           DEPOSITION OF
13
                          SASCHELLE SIMMS
14

15                       December 14, 2018

16                         10:00 a.m.

17

18                        ECKERT SEAMANS
               50 South 16th Street - 22nd Floor
19                   Philadelphia, PA 19103

20

21

22    Gena M. Nardone, RPR

23

24
```



1    can work 44 hours because it's set forth in the

2    individual service plan, if you have that

3    understanding?

4         A.    Yeah, I don't have that full understanding

5    when it comes to the service plan.

6         Q.    Then paragraph 17 says, I understand and

7    acknowledge that the VFEA, which is this fiscal

8    management services or PPL is not my employer, do

9    you see that?

10        A.    Yes.

11        Q.    Did you read that when you signed this

12   document?

13        A.    Yes.

14        Q.    Did you have an understanding about that?

15        A.    Yeah, because I never heard of that name

16   and I just thought I was employed by PPL.

17        Q.    Did you ever ask anybody about that?

18        A.    No.

19        Q.    Then on 18 it says, I understand that the

20   participant -- did you understand that to be ████

21   ████?

22        A.    Yes.

23        Q.    -- or their appointed representative is my

24   employer.  Do you see that?

 ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com

1      A.      Yes.

2      Q.      You don't dispute that ▊▊▊▊ is your

3    employer, right?

4                 MS. SREY:  Objection.  Form.

5                 THE WITNESS:  Well, it states that

6       she's my common law employer, but I don't know

7       what common law employer really means.

8      Q.      We'll ask about that as well.  My question

9    is about this statement in this document.  It says,

10   the participant is my employer.  Doesn't use the

11   term common law employer.  It just says the

12   participant is my employer.  As you sit here today,

13   do you have an understanding that ▊▊▊▊ is your

14   employer?

15     A.      Not fully, no.

16     Q.      What do you mean not fully?

17     A.      It wasn't fully explained to me in that

18   nature when I did the orientation.

19     Q.      Did you read this particular sentence of

20   this document and have any questions about it?

21     A.      No.

22     Q.      In fact, the next sentence says, my

23   employer is not the VFEA, OLTL or any other entity

24   involved with the PDS program.  When you read this

ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com

1    paragraph it says that the only employer for you is

2    ████████.    Do you recall reading this provision?

3                    MS. SREY:   Objection.   Form.

4                    THE WITNESS:   Yes, but I didn't

5        understand it.

6        Q.     Did you ever ask the PPL person about any

7    of these provisions that you were signing on that

8    day?

9        A.     No, because she was just running through.

10       Q.     The next paragraph of 19 says, I

11   understand that my paychecks will be processed by

12   the vendor fiscal employer agent, VFEA.   Does that

13   comport with your understanding today that PPL is

14   the vendor fiscal employer agent processes all your

15   paychecks?

16       A.     Yeah, I didn't know that that was the term

17   used for PPL, if that's what you're saying.

18       Q.     But that's consistent with your

19   understanding as you're in the program today, that

20   PPL processes all the paychecks?

21       A.     Yes.

22       Q.     The next sentence says, the VFEA is

23   considered a financial management services

24   organization.   Do you see that?



1    A.    Yes.

2    Q.    Then it says, the next sentence, I

3    understand that the VFEA is not authorized to pay

4    for any service not approved and authorized in the

5    ISP or any request that exceeds the participant

6    budget and funds for the PDS program as stated in

7    the ISP.  Do you recall reading that provision or

8    having an understanding of what was set forth in 19?

9           MS. SREY:  Objection to form.

10          THE WITNESS:  I read that but I did

11    not understand it.

12    Q.    It's fair to say you didn't ask anybody

13    questions about that?

14    A.    Not with that type of phone call that was

15    taking place.

16    Q.    Did you ever ask about it with ▓▓▓▓▓▓ at

17    any time?

18    A.    No.

19    Q.    Do you recall that you signed a number of

20    these direct care worker agreements?

21    A.    I just remember this one.

22    Q.    Do you recall that you had to be

23    requalified in the program every two years?

24    A.    No, I did not know that.



ESQUIRE
DEPOSITION SOLUTIONS

800.211.DEPO (3376)
EsquireSolutions.com



# PCG | Public Partnerships

Supporting Choice. Managing Costs. ™

## DCW Agreement
## (Page 1 of 3)

Vendor Fiscal/Employer Agent (VF/EA) Financial Management Services (FMS)
### DIRECT CARE WORKER (DCW) AGREEMENT

Name of Participant: ▮▮▮▮▮▮▮        Participant ID: ▮▮▮▮▮▮

Name of DCW: SASCHELLE        SIMMS        DCW ID: 046202

Address: 753 ▮▮▮▮▮▮▮▮▮

County Name: LEHIGH

Phone: ▮▮▮▮▮

E-mail Address: saschelleb@gmail.com

A child under the age of 18 resides in the home of the Participant?  ☐ Yes  ☑ No

I have continuously lived in the state of PA for the past 2 years?  ☐ Yes  ☑ No

Are you a spouse of, legal guardian for, or *power of attorney* to the Participant?  ☐ Yes  ☑ No

I am at least 18 years of age?  ☑ Yes  ☐ No

I recognize that my employment is contingent upon the participant's enrollment in the Participant Directed Services Program (PDS). If the participant is no longer in the waiver or the PDS program, I may no longer be employed. In order to acknowledge the terms of my employment, I agree to the following:

1. I understand and consent to having State Police criminal background checks, Child abuse clearances (when required), and Federal criminal history records (when required) completed on me and that my employment is contingent upon the results.
2. I understand that the results of my background checks will be made available to my prospective employer and other program administrators as necessary and/or required.
3. I understand that I cannot begin providing services in this program before I have successfully cleared the background checks.
4. I agree to correctly complete all required paperwork.
5. I acknowledge that I will not start providing services until I am notified of my Good to Go status by the VF/EA.

New OLTL DCW        Version 1.2

Highly Confidential Pursuant to Protective Order



**DCW Agreement
(Page 2 of 3)**

6. I agree to provide the supports as identified and authorized in the Individual Service (ISP) in accordance with the outcomes and health and safety requirements identified.
7. I agree to complete the required training and meet all necessary qualifications as required and identified in the ISP and Office of Long-Term Living (OLTL) policies and procedures.
8. I understand that I may not submit time records for any time period for which a participant is admitted to a hospital, nursing home, rehabilitation facility or for any period for which the participant is not eligible for waiver services.
9. I agree to maintain the necessary documentation and records as required by the PDS program and by my employer. All records I may have or assist in maintaining will be kept confidential.
10. I agree to report incidents to my participant's service coordinator, including suspected abuse, neglect, exploitation or any event involving error in service/support implementation, critical events involving personal injury, illness, medical emergency or any event determined to be atypical as required by OLTL, or my employer.
11. I agree to take part in any meetings if requested by and/or regarding the participant.
12. I agree to abide by all applicable rules, regulation and policies pertaining to providing support services through the PDS program.
13. I hereby acknowledge that I have received, read, and understand all of the following information:
    a. OLTL program policies and procedures regarding PDS
    b. The Individual Service Plan (ISP)
14. I agree to review any/all programmatic updates made available to me by my employer.
15. I understand that PPL will verify that I do not appear on the Office of Inspector General's (OIG) List of Excluded Individuals/Entities (LEIE). In the event I appear on this list, I will not be permitted to work or be paid in this program.
16. I understand that in consideration of the above stated agreement, I shall be compensated through this program for only those services approved by my employer and authorized in the ISP.
17. I understand and acknowledge that the VF/EA is not my employer.
18. I understand that the participant or their appointed representative is my employer. My employer is not the VF/EA, OLTL, or any other entity involved with the PDS program.
19. I understand that my paychecks will be processed by the Vendor Fiscal/Employer Agent (VF/EA). The VF/EA is considered a Financial Management Service (FMS) Organization. I understand that the VF/EA is not authorized to pay for any service not approved and authorized in the ISP or any request that exceeds the participant's budget and funds for the PDS program as stated in the ISP.

New OLTL DCW

*Version 1.2*

Highly Confidential Pursuant to Protective Order



## Public Partnerships
Supporting Choice. Managing Costs.℠

# DCW Agreement
# (Page 3 of 3)

20. I understand and acknowledge that any false claims or untruthful submission of services provided, statements, or documents, or concealment of material facts in an attempt to obtain improper payment is reportable as Medicaid Fraud and subject to investigation. Medicaid Fraud is a felony and can lead to substantial penalties and/or imprisonment.
21. In accordance with §52.28, I agree to self-disclose a conflict of interest to the Department.
    I am self-disclosing a potential conflict with:

By signing below, I attest that I have read this agreement in its entirety. I understand I must sign and return this form as a condition of employment in this program, and that I cannot begin working until this form is completed and returned to the VF/EA. I further attest by signing below, that I understand what is being requested of me, and I agree to abide these terms and conditions. I further understand and agree that violation of any of the terms and/or conditions of this agreement may result in termination of this agreement and payment for employment to any Medicaid Recipient of this program.

_____          10-3-2014
DCW Employee Signature                              Date

_____          9-30-14
Common Law Employer Signature                    Date

NOTE: Please ensure both you and the employer sign this form before sending it to PPL.

MAIL FORMS TO:    PA OLTL
                  PUBLIC PARTNERSHIPS, LLC
                  P.O. BOX 61257
                  HARRISBURG, PA 17106-1257

New OLTL DCW

Version 1.2

Highly Confidential Pursuant to Protective Order                                    PPL000006363