IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH TALARICO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 17-2165 |
| PUBLIC PARTNERSHIPS, LLC, d/b/a PCG, PUBLIC PARTNERSHIPS, | |
| Defendant. | |

**MEMORANDUM**

**Schmehl, J.**   /s/ JLS                                                                                      October   21, 2022

      Before the Court is Defendant's motion to amend the definition of the Rule 23 class and FLSA collective to January 1, 2016. Plaintiff has opposed the motion, and after reading the parties' briefing, Defendant's motion will be denied.

I.      **INTRODUCTION/PROCEDURAL HISTORY**

      This Court recently certified a Rule 23 class for claims of unpaid overtime pursuant to the state Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. § 333.101 ("PMWA"), as of May 11, 2014, and a final certification of the FLSA collective pursuant to the Fair Labor Standards Act ("FLSA") as of January 1, 2015. This class is based upon the Department of Labor's adoption of the Home Care Rule which expanded overtime protections for homecare workers by changing the definition of "companionship services," removing the exemption for third-party employers and expanding protections for live-in workers. 78 Fed. Reg. 60454-01 (Oct. 1, 2013). The Rule had an effective date of January 1, 2015, but prior to that effective date, the Rule was challenged in *Home Care Ass'n of*

*Am. v. Weil*, 78 F. Supp.3d 123 (D.D.C. Jan. 14, 2015). The district court in *Weil* invalidated the new regulations, then the Court of Appeals for the District of Columbia reversed the district court on August 21, 2015. *See Home Care Ass'n of Am. v. Weil*, 799 F.3d 1084, 1087 (D.C. Cir. 2015), cert. denied, 136 S.Ct. 2506 (2016). While *Weil* was pending before the appellate court, the Department of Labor announced that it would not enforce the Rule until thirty days after a mandate was issued by the D.C. Circuit. Thereafter, the DOL announced that pursuant to the D.C. Circuit Court order, the validity of the new regulations was affirmed on October 13, 2015, the date of the mandate from the D.C. Circuit.

Despite not making the argument in opposition to Plaintiff's motions for conditional or final certification, Defendant now argues that Plaintiff's proposed start dates of May 11, 2014 for the PMWA class and January 1, 2015 for the FLSA collective are incorrect and the certification order should be amended to allow both to commence on January 1, 2016, which Defendants claim is the date when the DOL began enforcing the overtime regulation at issue. Plaintiff opposes this motion, arguing that the majority of courts who have decided this issue have ruled that the new rule took effect on January 1, 2015, and that the definition of the class and collective contained in this Court's certification are correct.

## II.     LEGAL STANDARD

The decision to amend a class certification order is discretionary, and there is no requirement that a court alter its class action order when the circumstances surrounding its initial determination change. *Carrow v. FedEx Ground Package Sys., Inc.,* 2019 WL 7184548, at *3 (D.N.J. Dec. 26, 2019).

### III.    DISCUSSION

As discussed above, certain types of domestic service workers who performed "companionship services" were excluded from FLSA's overtime protections until the DOL adopted the Home Care Rule at issue here in October of 2013 with an effective date of January 1, 2015. In its motion, Defendant argues that the effective date of the Rule is January 1, 2016. Defendant argues this is the correct date because the DC Circuit affirmed the validity of the new regulations on October 13, 2015 (allowing enforcement as early as November 13, 2015), but the DOL issued a statement that said it would "exercise prosecutorial discretion" as to the enforcement of the Rule from November 12, 2015, to December 31, 2015, thereby making January 1, 2016, the effective date. 80 Fed. Reg. 65646 (Oct. 27, 2015). In response, Plaintiff argues that the Rule became effective on January 1, 2015, DOL's original effective date. The issue therefore is whether the D.C. Circuit's holding in *Weil* that the regulation was valid should be given retroactive effect, such that the regulation's effective date remains January 1, 2015.

Our analysis begins "with the general principle that judicial decisions, as opposed to statutes and regulations, apply retroactively." *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1038–39 (S.D. Ohio 2018). As explained by the Ninth Circuit—the only Circuit that has decided this issue—the D.C. Circuit's holding in *Weil* that the DOL had the authority to promulgate the new Home Care Rule and that the Rule was reasonable applies retroactively, making its effective date January 1, 2015. *Ray v. County of Los Angeles*, 935 F.3d 703, 714–15 (9th Cir. 2019).

In arguing that the effective date is January 1, 2016, Defendant relies on *Lee v. Caregivers for Independence, LLC*, 2017 WL 2666413 (S.D. Ohio June 21, 2017) and *Bangoy v. Total Homecare Sols., LLC,* 2015 WL 12672727 (S.D. Ohio Dec. 21, 2015). In both *Lee* and *Bangoy*, the Court found that the Rule did not become effective until the D.C. Circuit reversed the District Court in *Weil*; therefore, they found the effective date to be **after** January 1, 2015. In addition, other courts have followed this position. *See Sanchez v. Caregivers Staffing Servs., Inc.*, 2017 WL 380912, at *2-3 (E.D. Va. Jan. 26, 2017); *Flamer v. Maxim Healthcare Servs., Inc*., 2015 WL 12762067, at *1 (D. Md. Oct. 26, 20150.

However, most courts who have decided this issue overwhelmingly have found that the Rule's effective date is January 1, 2015. *See Jackson v. Sweet Home Healthcare*, 2017 WL 1333001, at *3 (E.D. Pa. Apr. 5, 2017); *Intra-Nat'l Home Care, LLC v. U.S. Dep't of Labor*, 2022 WL 2829828, at *2 (W.D. Pa. July 20, 2022); *Alves v. Affiliated Care of Putnam, Inc.,* 2022 WL 1002817, at *9–10; *Brittmon*, 285 F. Supp. 3d at 1039; *Downie v. Carelink, Inc.*, 2018 WL 3585282, at *4 (S.D.N.Y. July 26, 2018); *Carrasco v. Life Care Servs. Inc.*, 2017 WL 6403521, at *5 (S.D.N.Y. Dec. 15, 2017); *Hypolite v. Health Care Servs. of N.Y. Inc.*, 256 F. Supp. 3d 485, 492–94 (S.D.N.Y. 2017); *Evans v. Caregivers, Inc.*, 2017 WL 2212977, at *3–4 (M.D. Tenn. May 19, 2017); *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y,* 215 F. Supp. 3d 805, 810 (S.D. Iowa 2016); *Collins v. DKL Ventures, LLC*, 215 F. Supp. 3d 1059, 1067 (D. Colo. 2016); *Kinkead v. Humana, Inc.,* 206 F. Supp. 3d 751, 754 (D. Conn. 2016).

After a thorough review of all relevant caselaw, I see no reason to depart from the general rule that all judicial decisions apply retroactively. Accordingly, I follow the reasoning of the Ninth Circuit in *Ray*, as well as the reasoning of the majority of district courts that have opined on this issue and conclude that the effective date of the Home Care Rule is January 1, 2015. Defendant's motion to amend the FLSA collective is therefore denied.

Defendant also argues that the class of Plaintiff's PMWA claims should be amended to a start date of January 1, 2016, claiming that the PMWA class must start on the same date as the FLSA collective because the "very basis for [Plaintiff's] claims under the PMWA is the implementation of the new DOL rule under the FLSA and the comparative language of the FLSA itself." ECF No. 249. However, this claim is contradicted by the record. Plaintiff pled in his Complaint, filed on May 11, 2017, that the PMWA required overtime payments starting three years prior to the filing of the Complaint, which is different from Plaintiff's allegation that he was entitled to overtime under the FLSA beginning on January 1, 2015. Domestic services employers have not been eligible for the PMWA overtime exemption benefit for the entire class period, and that is unaffected by the effective date of the federal Rule at issue in the FLSA portion of this case. Accordingly, Defendant's motion to amend the PMWA class is denied.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Amend the Definition of the Rule 23 Class and FLSA Collective to January 1, 2016, is denied.