**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RALPH TALARICO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED,

Plaintiffs,

vs.

PUBLIC PARTNERSHIPS, LLC, D/B/A/ PCG PUBLIC PARTNERSHIPS,

Defendant.

Case No. 17-2165

Judge Schmehl

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM WITNESSES NOT PREVIOUSLY DISCLOSED**

## I. INTRODUCTION

Defendant Public Partnerships' ("PPL") Motion *in* Limine is an ill-fated attempt to dictate the presentation of Plaintiff Ralph Talarico's ("Plaintiff") proof at trial. PPL seeks to exclude six[1] witnesses from testifying at trial regardless of whether Plaintiff complied with his pretrial disclosure deadline, whether PPL was on notice of these individuals, or whether PPL suffers any prejudice by including their testimony. Apparently, according to PPL, the only witnesses that would be fair game and not "surprise" witnesses are those that it previously chose to depose. PPL's objection to these witnesses is even more tenuous in light of its refusal to agree to Plaintiff presenting fewer witnesses in exchange for its agreement that these fewer witnesses are sufficiently representative of the entire class and collective and refusal of Plaintiff's offer for it to depose before trial two witnesses who had not previously submitted declarations. Given that there is no prejudice whatsoever to PPL, its request for an "extreme" sanction under Fed. R. Civ. 37 should be denied.

## II. RELEVANT BACKGROUND

Early in this case, PPL served written discovery on all twenty-four (24) individuals who had asserted their FLSA claims by opting in as of April 3, 2018, the date it served the discovery. *See* ECF 243 at 2. Plaintiff objected to discovery of every opt-in Plaintiff and proposed that the parties wait until after conditional certification to see how many individuals joined the case, and then to select a representative random sample from the total opt-in group for any opt-in discovery. *Id.* But, PPL preferred to begin discovery immediately, and on September 19, 2018, this Court ruled that PPL could begin opt-in Plaintiff depositions. ECF 243 at 2; ECF 80. PPL

[1] PPL references seven witnesses in its motion, but Plaintiff does not intend to call Michael Tolbert, which Plaintiff made PPL aware of prior to its motion.

unilaterally selected a total of only five out of the then twenty-four (24) opt-in DCWs to respond to written discovery and sit for depositions. ECF 243 at 3. Plaintiff provided written responses from four of the five opt-ins, and the fifth withdrew from the litigation. *Id.* Ultimately, of the five it selected for discovery, PPL only deposed three opt-in DCWs despite this Court permitting additional time beyond the non-expert fact discovery deadline to complete the remaining two depositions. *See* ECF 51, 111, 112, 243 at 3. During this time, Plaintiff had agreed that PPL could name substitutes for the two opt-ins originally selected for deposition who withdrew or was not deposed, but PPL did not take these two remaining opt-in depositions then, electing instead to move for summary judgment without them. ECF 243 at 3.

After the Third Circuit's remand, Plaintiff requested a schedule for briefing class certification. ECF 243 at 4. PPL indicated it planned to move to decertify the FLSA collective action and did *not* seek or request any further discovery before the briefing on Rule 23 class certification or FLSA decertification proceeded. *Id.* The parties participated in a status conference with the Court on January 26, 2021. ECF 214. In connection with that status conference, Plaintiff proposed, in addition to a briefing schedule, a schedule permitting three months of additional fact discovery after a ruling on class certification, followed by expert discovery. PPL did not agree with Plaintiff's proposal and suggested that the schedule be addressed only after class certification was ruled upon, a plan the Court adopted. ECF 243 at 4.

Following the grant of Rule 23 class certification and final FLSA certification, the parties submitted proposed schedules to the Court, and Plaintiff again proposed approximately three months to complete discovery that was outstanding in 2018. Primarily, Plaintiff sought information which did not exist yet in 2018, or which was withheld pending resolution of class certification. PPL proposed six months of discovery to allow for an unlimited amount of

additional discovery of an unspecified number of "additional Participant-Employers, Direct Care Workers, and Service Coordinators." ECF 244-1. Ultimately, the Court ordered that all fact discovery would be completed by October 31, 2022, and permitted PPL to depose two (2) participant employers whose direct care workers lived in their home, two (2) live-in direct care workers and two (2) service coordinators. ECF 247.

## III. ARGUMENT

### A. Plaintiff Complied with His Rule 26 Obligations

PPL argues that Plaintiff has failed to meet his Fed. R. Civ. P. 26 obligations. Not so. Under Fed. R. Civ. P. 26(a)(3)(B), pretrial disclosures must be made at least 30 days before trial, which was August 11, 2023. Plaintiff complied with this deadline, serving his initial trial witness list on July 31, 2023, six weeks before the start of trial. This timely disclosure of pre-trial witnesses ensures that there is no prejudice and no pre-trial surprise, unlike in *Pac-West*, a case PPL relies on, where the additional witnesses were not disclosed until just days before the final pretrial conference, and the newly disclosed witnesses raised new issues that would have necessitated reopening fact and expert discovery, and amending pleadings and arguments. *See Pac-West Distrib. NV, LLC v. Afab Indus. Servs., Inc.*, 2023 WL 3952347, at *4 (E.D. Pa. June 12, 2023).

Moreover, in addition to being timely disclosed trial witnesses, PPL has been on notice for years that other FLSA opt-in DCWs, and PEs like T.R. and CLEs like Tamburo may have relevant information. Indeed, Plaintiff's Initial Disclosures specifically identified all of the opt-ins he had knowledge of at the time, and further identified putative DCW class and collective members. Ex. A to Def.'s Mot, ECF 299-1. His First Amended Initial Disclosures, served June 6, 2018, did the same and further identified current and former consumer-participants of DCWs. *See* Ex. A hereto. His Second Amended Initial Disclosures, added current and former so-called

"Common Law Employers" as individuals who may have discoverable information.[2] Ex. C to Def.'s Mot., ECF 299-3.

What is more, four of the six witnesses—Cotto, Seely, Yonkin, and Tamburo—each submitted a declaration in support of Plaintiff's Opposition to Motion for Summary Judgment filed April 8, 2019. ECF 165. Thus, PPL has known about their specific identities and the relevant information they possessed about the claims at issue for over four years. PPL is not prejudiced simply because they chose not to depose any of these four despite being on notice of them through both Plaintiff's disclosures and summary judgment motion.

PPL likewise suffers no prejudice with the other two witnesses, T.R. and Williams. Again, PPL was on notice throughout the course of this litigation, as Plaintiff indicated in his various disclosures that DCWs and their PEs may have discoverable information and that there may be additional individuals with knowledge that Plaintiff was unaware of at the time the disclosures were made. Plaintiff properly identified individuals that had discoverable information whom he was aware of at the time; these categories subsumed witnesses such as T.R. and Dawn Williams.[3]

Furthermore, Plaintiff did not determine that T.R. and Williams would be trial witnesses until the pretrial disclosure deadline. Plaintiff anticipated that some Participant witnesses may be "unavailable" to testify live at trial, Fed. R. Civ. P. 32(a)(4), and discovered T.R.'s willingness to

---

[2] Each of the DCWs at issue in this motion had opted into the litigation at the time of Plaintiff's Second Amended Initial Disclosures.

[3] Notably, PPL's Rule 26(a)(1) Disclosures never listed L.Z., K.H., D.S., Gainer, Young, York, Skovera, Barge, or Kennedy. Presumably it considered the fact that some of these witnesses were deposed or provided declarations (L.Z., K.H., D.S. Gainer, Young, York, and Kennedy) to have satisfied its supplemental disclosure obligation. But Barge was never identified in any way prior to appearing on PPL's trial witness list shared with Plaintiffs August 8, 2023. Plaintiff is not seeking to preclude any of PPL's witnesses from testifying.

testify live just days before the witness disclosure deadline.[4] What is more, to eliminate any prejudice PPL may claim despite being on notice of both T.R. and Williams' specific names since July 31, 2023, Plaintiff specifically offered PPL to deposed them and it refused.

In short, PPL has been on notice of these witnesses and suffers no prejudice with the inclusion of these six witnesses, most of whom submitted declarations with the knowledge and information they possessed in 2019, and none of which present any new issues or require the re-opening of discovery. Accordingly, PPL's Motion *in Limine* to exclude these witnesses should be denied.

B. PPL's Complaints About Lack of Discovery Do Not Justify Exclusion.

None of PPL's other arguments concerning its lack of discovery about these witnesses warrant excluding them. First, PPL argues Plaintiff should have amended his Interrogatory responses, but that Interrogatory asked him to identify all persons with knowledge of his personal claim that PPL failed to pay *him* overtime – which none of the challenged witnesses possessed. Second, PPL's complaint about the lack of documents from these witnesses falls flat. PPL does not have the right to serve written discovery on non-parties such as T.R. and Tamburo, nor an unlimited right to serve written discovery on opt-in collective action members such as the other challenged witnesses. Moreover, PPL is the official recordkeeper and has all along been in possession of relevant documents regarding each of these witnesses—documents that PPL clearly has but Plaintiff has not yet seen. In fact, PPL recently represented that it will produce additional documents for these witnesses should they be permitted to testify. *See* Exhibit B, August 28, 2023 Email from Walter Foster "Trial Issues."

---

[4] Two participants who were previously deposed, D.S. and E.W., are indeed unavailable to testify at trial (D.S. is deceased and E.W. has moved to New York).

Finally, despite PPL's claims that it did not have the opportunity to depose these witnesses, or that discovery was so limited that it could not have possibly deposed all of the potential trial witnesses, PPL chose not to depose more DCWs when it had the opportunity to do so in December 2018-February 2019, and then again when the Court permitted additional depositions in 2022. Each of the four DCWs at issue had joined the collective at the time of its earlier depositions. PPL could have taken two more DCW depositions but chose not to. And, after the FLSA collective and Rule 23 classes were certified, the Court permitted a second round of discovery, allowing PPL to conduct six additional depositions: two PEs, two live-in DCWs, and two service coordinators. PPL then only deposed Sarah Gainer (service coordinator) on February 2, 2023, K.H. (PE) on November 22, 2022, Sheila-Rae York (DCW) on November 30, 2022, and Natascha Young (service coordinator) on February 6, 2023. During this second round, PPL had the opportunity to take two more depositions – one PE and one DCW – but neglected to do so.

In addition to failing to take all of the depositions allotted during the first round of discovery and again during the second discovery period, PPL also made no attempt to take additional depositions of these witnesses at any point since July 31, 2023, when Plaintiff sent his proposed witness list, as noted above. It was not until August 24, 2023, after Plaintiff offered to make the witnesses available and to conduct their depositions via Zoom, that PPL's counsel considered taking additional depositions, and determined it was too late. *See* Exhibit C, August 24, 2023 Email from Walter Foster "Re: Follow up on witnesses and damages chart." At no time during the entire month between receiving Plaintiff's proposed witness list and filing this Motion *in Limine* did PPL's counsel attempt to depose any of these witnesses. Just because PPL chose not to depose many witnesses now listed for trial does not mean it was denied the right to

conduct discovery regarding these witnesses and should not limit Plaintiff to only calling witnesses whom Defendant hand-picked for prior depositions.

C. Rule 37 Sanctions Are "Extreme" and Unwarranted

Even if this Court finds that Plaintiff failed to properly disclose any of these six witnesses, excluding their testimony would be an extreme sanction that is unwarranted because such a failure is harmless and, despite their protestations, PPL is not prejudiced. Fed. R. Civ. P. 37 states that the exclusion of evidence should not be permitted if the failure to provide information was "substantially justified" or "harmless." FRCP 37(c)(1). However, even if the failure to disclose was not substantially justified or harmless, the exclusion of evidence is not automatic and is within the court's discretion. *Newman v. GHS Osteopathic, Inc., Parkview Hosp Div*, 60 F.3d 153, 156 (3d Cir. 1995). Indeed, excluding a witness under Rule 37 is an "extreme" sanction, "not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977)). Demonstrating that this is a sanction of last resort, PPL neglected to mention that the court in *Fiumano* found that despite the defendant's failure to adequately disclose a number of witnesses and the prejudice plaintiffs suffered as a result, such a failure did not warrant exclusion under Rule 37. *Fiumano*, 2022 WL 2541354, at *10 (E.D. Pa. July 7, 2022).

When considering whether a failure to disclose was substantially justified or harmless and determining whether to exclude evidence, the Third Circuit has set forth four factors to consider: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in

the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation. *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). The Third Circuit also considers the "importance of the excluded testimony." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012).

As demonstrated above, there is no prejudice, and any surprise suffered by PPL is overstated. PPL has been aware of these individuals for years, and their testimony does not introduce any new claims or issues. With regard to the ability to cure prejudice or the disruption the evidence may cause, PPL suggests that, in the alternative to the witnesses being precluded from testifying, the Court postpone the trial. Mot. at 14 n.6. In *Nicholas v. Pennsylvania State University*, the Third Circuit upheld a district court's decision to exclude certain evidence because "permitting the evidence would likely require a lengthy stay and disrupt the orderly conclusion of the trial[.]" 227 F.3d at 148. Here, PPL requests postponing a trial that is now less than two weeks away. This would disrupt the travel plans of both counsel and the witnesses, several of whom are travelling despite medical conditions, to testify at trial during the current dates. As Plaintiff's counsel has informed PPL's counsel, they anticipate the proposed witnesses will easily fit into the established trial schedule, and postponing trial would only disrupt it. Finally, a showing of bad faith or willfulness involves "failure to provide or disclose information despite repeated requests to do so", or "intentional or self-serving behavior" that is more than "merely negligen[t] or inadvertent." *Fiumano*, 2022 WL 2541354 at *10 (internal quotations omitted). As noted above, there is none here, and similar to *Fiumano*, PPL has not presented any evidence that Plaintiff "engage[d] in willful deception or flagrant disregard of a court order," and therefore exclusion is unwarranted. *Id.*

The final factor to consider in entering a Rule 37 sanction is the importance of the

evidence – the more crucial the evidence is to the case, the less willing a court should be to exclude it. PPL argues that Plaintiff has represented that every DCW's situation was the same, and that therefore proposing more trial witnesses is somehow "duplicitous." Mot. at 11. While true that Plaintiff and the class and collective are similarly situated and a representative trial is appropriate, Plaintiff must still guard against the risk of post-trial decertification. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567 (E.D. La. 2008) (district court decertified FLSA collective after a bench trial). This is particularly needed here where PPL refuses to stipulate to the representivity of Plaintiff's evidence. Indeed, despite PPL's insistence that it has made efforts to address the issue of these witnesses and has been unsuccessful in reaching any accord, PPL fails to mention that Plaintiff explicitly offered a reasonable solution—a stipulation that it waive post-trial arguments regarding representivity in exchange for Plaintiff presenting fewer witnesses—which PPL refused. Without such a stipulation, Plaintiff is left with no choice than to put on sufficient witnesses to rebut any arguments post-trial or on appeal that Plaintiff did offer sufficient representative proof. The testimony of several of these witnesses will be narrow and brief – these witnesses were picked for the particular purpose of ensuring that Plaintiff is presenting sufficient evidence representing the class over the temporal scope of the litigation.[5] In sum, because there is no bright line rule about what qualifies as representative proof, Plaintiff must be able to present enough witnesses to guard against any post-trial arguments about the sufficiency of that proof. Moreover, two of the challenged witnesses are a PE and a CLE, who are important so that the Court can hear from live witnesses who PPL claims are the sole employer of DCWs.

---

[5] Should the Court find this testimony unduly cumulative pursuant to Fed. R. Evid. 403, then the Court can stop Plaintiff from presenting further witnesses.

A Rule 37 sanction to exclude these witnesses is simply unwarranted.

## IV. CONCLUSION

Because Plaintiff Ralph Talarico has abided by disclosure obligations and because PPL is not prejudiced by the inclusion of six witnesses that it has known about, Plaintiff respectfully requests the Court deny PPL's motion and allow the testimony of witnesses T.R., Dawn Williams, Christine Cotto, Kathy Seeley, David Yonkin, and Joyce Tamburo to testify at trial.

August 30, 2023

Respectfully submitted,

*/s/Christine E. Webber*

Christine E. Webber (DC #439368)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600
cwebber@cohenmilstein.com

ARNOLD, BEYER & KATZ
Richard Katz, PA Bar No. 20702
140A East King Street
Lancaster, PA 17602
Telephone: (717) 394-7204
Fax: (717) 291-0992
rkatz@arnoldbeyerkatz.com

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, I electronically filed the foregoing document using the CM/ECF system with the Clerk of the Court using the CM/ECF, who in turn sent notice to all counsel of record:

Dated: August 30, 2023

*/s/ Christine E. Webber*
Christine E. Webber