**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RALPH TALARICO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED,

Plaintiffs,

vs.

PUBLIC PARTNERSHIPS, LLC, D/B/A/ PCG PUBLIC PARTNERSHIPS,

Defendants.

Case No. 17-2165

Judge Schmehl

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ITS ROLE AS A FISCAL INTERMEDIARY**

# I. INTRODUCTION

Defendant PPL has spent most of this litigation trying to convince the Court that it is merely a fiscal intermediary and not a joint employer. Now, it has filed a motion in limine seeking to preclude "evidence of its role as a fiscal intermediary as irrelevant for purposes of joint employment." But PPL does not actually want evidence of its role as a fiscal intermediary precluded. It simply wants such evidence to be only considered as weighing against a finding of it as a joint employer. In short, PPL does not actually seek to exclude any evidence; it improperly seeks to limit the interpretation of evidence in a manner that is unsupported by the law.

# II. ARGUMENT

## A. The NLRB Proposed Joint Employer Rule Is Not Relevant

PPL acknowledges that the *current* NLRB joint employer rule, 29 C.F.R. § 103.40, supports finding joint employment when an entity does "possess and exercise such substantial direct and immediate control over one or more essential terms or conditions of their employment as would warrant finding that the entity meaningfully affects matters relating to the employment relationship." PPL does not argue that such standard, even if it applied to this case, would require ignoring evidence that PPL meaningfully affects matters related to the employment relationship of DCWs.

PPL relies instead on a *proposed* rule which has not, and might not ever, go into effect. MIL at 4-5, citing 87 Fed. Reg. 172 at 54651.[1] A proposed NLRB rule does not even change the currently governing standard in cases concerning application of the NLRA let alone apply here where the Third Circuit has long adopted a test for joint employment that is specific to the FLSA

[1] The proposed rule is actually found at 87 Fed. Reg. 54641-02.

(and has been also used for Pennsylvania wage and hour law). *See In re Enter. Rent-A-Car Wage & Hour Emp't Pracs. Litig.* (*Enterprise*), 683 F.3d 462, 468 (3d Cir. 2012).[2] The cases it cites—none of which apply the proposed rule, of course—are not to the contrary. For example, in *Xiao v. Sichuan Gourmet LLC*, 2022 WL 819096 (W.D. Pa. Mar. 18, 2022) the court looked to the NLRB "single employer" test, and noted it is a "distinct theory from that of joint employment." *Id*. at *4. Unlike joint employment, where the Third Circuit has long followed the *Enterprise* test, the Third Circuit has not adopted a single employer test in the FLSA context, thus leaving the court in *Xiao* free to consider the NLRB rule as an appropriate analogy. *Id*. at *9. In *Sutton v. Cmty. Health Systems, Inc.*, 2017 WL 3511757 (W.D. Tenn. Jan 12, 2021), the court only looked to NLRB rules because the Sixth Circuit "has not formulated or identified a test for determining whether a joint employment relationship exists in the context of the FLSA." *Id*. at *3. Critically, the court specifically distinguished circumstances in the Sixth Circuit with no FLSA joint employment test from those in the Third Circuit where the *Enterprise* test has been adopted. *Id*. at *4. PPL's final two cases concern the test for joint employment under other inapplicable statutes (Title VII and ERISA)—not the FLSA. MIL at 6.

If the DCWs wanted to unionize, then the NLRB test for joint employment would establish whether PPL would be required to engage in collective bargaining with a DCW union. It does not, however, supersede the *Enterprise* test for whether an entity is a joint employer for FLSA and wage and hour purposes.

---

[2] While there are some similarities between the NLRA joint employer rule and the FLSA standard, they are not the same, and it is well established that the FLSA standard is broader than the definition of employer or joint employer used under any other statute. *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3 (1945) (holding that the definition of an employer under the FLSA is the widest ever adopted).

B. PPL Has Misrepresented What the NLRB and the D.C. Circuit Have Said

More significantly, PPL misrepresents both what that proposed rule and the D.C. Circuit say. The current NLRB rule was adopted in 2020, replacing a rule adopted in 2015. 87 Fed. Reg. at 54642. The case of *Browning-Ferris Industries of California, Inc. v. NLRB ("BFI")*, 911 F.3d 1195, 1222 (D.C. Cir. 2018) was litigated under the 2015 rule. *Id.* The D.C. Circuit held:

> [W]e uphold as fully consistent with the common law the Board's determination that both reserved authority to control and indirect control can be relevant factors in the joint-employer analysis. We reverse, however, the Board's articulation and application of the indirect-control element in this case to the extent that it failed to distinguish between indirect control that the common law of agency considers intrinsic to ordinary third-party contracting relationships, and indirect control over the essential terms and conditions of employment.

*Id*. at 1222–23. The most recently proposed rule is intended to restore the common-law focused standard of the 2015 rule, while addressing the *BFI* ruling that indirect control considered for NLRB joint employment must be indirect control over essential terms and conditions of employment. 87 Fed. Reg. at 54642, 54643-44. Neither the D.C. Circuit nor the NLRB has said that authority established pursuant to contractual provisions is irrelevant to a joint employment determination, as PPL suggests.

Moreover, PPL has completely omitted the context in which the proposed NLRB rule and *BFI* referenced such contractual provisions, which makes clear that the contract between PPL and OLTL cannot relieve PPL of being held to be a joint employer. The NLRB discussion of the proposed rule (and *BFI*) address the circumstances in which there are two parties to a contract, one of which is an employer of employees, and one of which has some degree of control over the employees of the other party to the contract by virtue of the contract. In such circumstances, the proposed NLRB rule seeks to distinguish between contractual provisions which bear on the employees' essential terms and conditions of employment, and those that are immaterial to the

existence of an employment relationship.[3] The NLRB proposed rule defines "essential terms and conditions of employment" to include wages, benefits, hiring and discharge, work rules, and several other items. 87 Fed. Reg. at 54646. In short, the NLRB has proposed a rule specifying what topics contract terms must address in order to be cited as evidence that one party to a contract has the right to control the other party's employees, and thus is a joint employer. Importantly, this proposed rule does not permit a party to a contract—here PPL—to argue that actions it takes to fulfill a contractual obligation may not be considered in evaluating whether that party is a joint employer with a person or entity who is *not* a party to the contract. Thus, nothing in the proposed new rule supports PPL's claim that the contract between it and OLTL, or PPL's repeated protestations that it is only taking certain actions with respect to DCW's employment because of its contractual agreement with OLTL, is relevant to determining whether PPL is a joint employer with program Participants in employing DCWs. After all, as the DOL has carefully instructed, "each third party involved in each [consumer-directed, Medicaid funded] program must be individually evaluated for joint employer status." U.S. Department of Labor, Administrator's Interpretation, AI2014-2 at 1, available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FLSAAI2014_2.pdf. And as explained in detail below, the contract here is irrelevant. *See*, *infra* Section C.[4]

---

[3] 87 Fed. Reg. at 54650-51 ("an employer's control over matters that are immaterial to the existence of an employment relationship under established common-law agency principles, or that otherwise do not bear on the employees' essential terms and conditions of employment, is not relevant to the joint-employer inquiry").

[4] PPL seems more focused on whether it is a joint employer with OLTL/the Commonwealth, rather than whether it is a joint employer with Participants. Any terms of the contract between OLTL and PPL which permit OLTL to exercise indirect control over the wages, benefits, hiring, or work rules of PPL's employees would remain relevant to an assessment of whether OLTL is a joint employer of PPL's employees. Similarly, any terms of the contract between OLTL and PPL which permit PPL to exercise indirect control over the wages, benefits, hiring, or work rules

C. Actions that PPL Takes With Respect to DCW's Terms and Conditions of Employment in Order to Comply With a Contract or Government Regulation Are Relevant to Determining Whether PPL is a Joint Employer

PPL cites a not-yet-adopted rule to support its argument that evidence of actions taken to fulfill contractual obligations is irrelevant to determine joint employer status, but the existing authority is directly contrary to PPL's position. Indeed, numerous courts have found that the reasons an entity exercises employer authority are irrelevant—if control is exercised, the entity is an employer or joint employer. The "[e]conomic reality inquiry requires us to examine the nature and degree of the alleged employer's control, not *why* the alleged employer exercised such control." *Scantland v. Jeffry Knight*, 721 F.3d 1308, 1316 (11th Cir. 2013) (emphasis added) (rejecting defendant's argument that the control it exercised over workers was due to the nature of its business, or required by agreements with others, and thus did not count towards finding employer status); *Hughes v. Family Life Care*, 117 F. Supp.3d 1365 (N.D. Fla. 2015) (same, actions defendant took to comply with contract nonetheless demonstrate it acted as employer); *Hodgson v. Griffin & Brand of McAllen*, 471 F.2d 235, 238 (5th Cir. 1973) (controls that corporate growers required crew leaders to impose on field workers indicates that the corporate growers and crew leaders were joint employers); *S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 769 P.2d 399, 409 n.13 (1989) (rejecting as "specious" the argument of cucumber harvesting company that denied it was workers' employer because the control it exercised was pursuant to a contract and on behalf of its customer; defendant's reasons for its

---

of OLTL's employees would be relevant to an assessment of whether PPL is a joint employer of OLTL's employees. PPL asserts, without the contract terms being in the record, that "PPL does not 'share' or 'codetermine' any of these tasks with the Commonwealth." (MIL at 6.) It appears that PPL views the issue in dispute to be whether OLTL is a joint employer of DCWs. Given that there can be multiple joint employers of a single worker, it may well be that the Commonwealth is a joint employer along with PPL. Therefore, if PPL wishes to join OLTL as a necessary party as an additional joint employer, it should move to do so promptly.

actions were irrelevant); *Harris v. Med. Transp. Mgmt., Inc.*, 300 F. Supp. 3d 234, 245 (D.D.C. 2018) (joint employer claim stated against company despite its argument that its activities were "implementation and enforcement of the [government's] contractually-imposed standards" and thus should not count towards joint employer elements); *City Cab Co. of Orlando, Inc. v. NLRB,* 628 F.2d 261, 264 n.8 (D.C. Cir. 1980) (finding it "irrelevant" that controls over workers are "maintained only to help the company comply with its contractual obligations"); *303 W. 42nd St. Enters., Inc. v. IRS*, 916 F. Supp. 349, 362 (S.D.N.Y. 1996), *rev. on other grounds*, 181 F.3d 272 (2d Cir. 1999) (in assessing status as an employer for tax purposes, "the critical point is not the motivation for the control, but rather the fact that control is exercised" in finding employment relationship, enforcing rules in order to comply with state law does not diminish significance of control to determine employer status).

What is more, in *Hardgers-Powell*, a case remarkably similar to this one, the court specifically cited to the regulations requiring the fiscal agent to undertake various responsibilities as proof that the defendant had exercised such control, *favoring* rather than undermining joint employer status. *Hardgers-Powell v. Angels in Your Home LLC*, 330 F.R.D. 89, 109–111 (W.D.N.Y. 2019). Specifically, the court held that operational control cannot be readily isolated to either the participant or fiscal intermediary because responsibilities are interwoven. *Id.* at 111. Treating the participant as the sole employer fails because the participant has limited power to control wage rates, does not manage payments under the program, and has no control over whether overtime hours are paid at overtime rates. A fiscal intermediary, on the other hand, holds veto power over hiring, influences and holds veto power over wage rates, controls whether individual timesheets are paid, determines whether overtime hours will be paid at overtime rates, and thus "treating the fiscal intermediary as an employer recognizes the interdependent control

that participants and fiscal intermediaries have over [workers'] working conditions" and "ensures that the actor with the power to ensure compliance with the FLSA . . . has a sufficient incentive to do so." *Id.*

Similarly, in *Naranyan v. EGL Inc.*, the court held that control exercised pursuant to a contract or government regulation is itself affirmative evidence of an employment relationship. The court also rejected the defendant's argument that its exercise of control should be disregarded because it was due to government regulations, business reasons, and customer requests, not its discretion. *Narayan v. EGL, Inc.,* 616 F.3d 895 (9th Cir. 2010) (finding delivery drivers were employees and not independent contractors, where defendant mandated that they wear its uniforms, carry its ID cards, and comply with rules on vehicle age and appearance).

The Third Circuit and other courts have long held that the entity's reasons for exercising control evidence, rather than undermine, employer status. In *NLRB v. A. Duie Pyle*, 606 F.2d 379, 385 (3d Cir. 1979), this Circuit held that government mandated controls are "a relevant part of the totality of circumstances from which the 'employee' determination (is) properly made." *See also NLRB v. Deaton, Inc.*, 502 F.2d 1221, 1226 (5th Cir. 1974) ("we cannot ignore or discount the items that are requirements imposed by federal regulations" and finding them sufficient to establish employer relationship); *Ace Doran Hauling & Rigging Co. v. NLRB*, 462 F.2d 190, 194 (6th Cir. 1972) (finding truck drivers were employees based on "both 'additional controls' and the control and supervision exercised pursuant to [government] requirements").

PPL cannot contradict any of this legal authority. PPL sought the opportunity to contract with the state of Pennsylvania, and voluntarily agreed to undertake all of the corresponding responsibilities, including implementing and enforcing all of the rules that it imposes, in exchange for being paid millions of dollars. Having assumed this role, PPL should not be

permitted to simply hide behind the contract and pass the buck on its responsibility to ensure FLSA compliance as a joint employer. *See* AI2014-2 at p. 2, 5 ("The Department believes that in most, but not all, consumer directed models, a third party will be a joint employer of a [home care worker]. . . . an employment analysis is necessary regardless of the name used by the third party (e.g., fiscal/employer agent, Agency with Choice, fiscal intermediary, registry, or employer of record) or worker.")

D. DOL Guidance Does Not Support Excluding Evidence

The DOL Guidance provides several examples of where a joint employment status exists within the consumer-directed Medicaid funded program and addresses numerous factors, not merely the recordkeeping factor which PPL discusses in its motion. (MIL at 8.) PPL does far more than the mere payroll processing discussed in the DOL guidance cited. Notably however, even as to that factor, PPL acknowledges that the DOL held it was a "weak indicator" in *favor* of finding an entity a joint employer. The fact that other factors provide stronger indications for or against a finding of joint employer does not make this factor irrelevant. Rather the DOL specifically identifies it as relevant. That cannot support exclusion of such evidence.

## III. CONCLUSION

Defendant's motion to preclude evidence is not supported and should be denied.

August 30, 2023

Respectfully submitted,

*/s/Christine E. Webber*

Christine E. Webber (DC #439368)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600
cwebber@cohenmilstein.com

ARNOLD, BEYER & KATZ
Richard Katz, PA Bar No. 20702
140A East King Street
Lancaster, PA 17602
Telephone: (717) 394-7204
Fax: (717) 291-0992
rkatz@arnoldbeyerkatz.com

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, I electronically filed the *Plaintiff's Opposition to Defendant's Motion in Limine to Preclude Evidence of Its Role as a Fiscal Intermediary* with the Clerk of the Court using the CM/ECF, who in turn sent notice to all counsel of record:

Dated: August 30, 2023

*/s/ Christine E. Webber*
Christine E. Webber