**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RALPH TALARICO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED,

Plaintiffs,

vs.

PUBLIC PARTNERSHIPS, LLC, D/B/A/ PCG PUBLIC PARTNERSHIPS,

Defendants.

Case No. 17-2165

Judge Schmehl

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO TAKE JUDICIAL NOTICE**

Defendant's motion asking this Court to take judicial notice of a laundry list of regulations should be denied based on three fundamental flaws in the motion.

First, unlike each of the cases Defendant cites in support of its motion, Defendant never identifies what "facts" it wants the Court to take judicial notice of. *Gorniak v. Nat'l R.R. Passenger Corp.*, 889 F.2d 481, 486–87 (3d Cir. 1989) (court could take judicial notice of federal statute providing plaintiff would qualify for his full railroad pension on his 65th birthday in order to determine whether there was sufficient evidence of his expected retirement date to use for reducing an award to present value); *O'Neill v. United States*, 411 F.2d 139, 144 (3d Cir. 1969) (in Federal Tort Claim Act case, court could take judicial notice of Pennsylvania statute establishing safety requirement that were not complied with, to establish the existence of state social policy); *LifeWatch Servs., Inc. v. Highmark, Inc.*, 509 F. Supp. 3d 356, 358 (E.D. Pa. 2020), aff'd, No. 21-1142, 2021 WL 5492811 (3d Cir. Nov. 17, 2021) (on motion to dismiss an anti-trust claim against insurance companies, court took judicial notice of state statutes to address question of law as to whether conduct was exempt from federal antitrust scrutiny due to being "regulated by state law."); *In re Sch. Asbestos Litig.*, No. 83-0268, 1991 WL 175819, at *5 (E.D. Pa. Sept. 4, 1991) (taking judicial notice of regulation which required municipality to remove friable asbestos materials from its buildings, even though it had not done so yet, for purpose of establishing damages); *Comite De Apoyo A Los Trabajadores Agricolas v. Solis*, No. CIV.A 09-240, 2010 WL 3431761, at *27 (E.D. Pa. Aug. 30, 2010) (in APA challenge to new DOL H-2B regulation, court took judicial notice of prior H-2B regulations).

Second, because PPL has failed to identify what "fact" it seeks judicial notice of, it is not possible to evaluate whether the purported facts are "adjudicative fact," or "legislative fact." As PPL acknowledges, MIL at 2, Fed. R. Evid. 201(a) only permits judicial notice of adjudicative

facts, not legislative facts.

Third, despite Defendant's failure to identify what "facts" it believes are established by the cited regulations, none of the regulations say what Defendant has previously cited them for. Specifically, Defendant has claimed that program regulations required Participants to be "sole employers" of DCWs, but none say anything about who the employer is. Instead, the cited regulations describe the control Participants are entitled to exercise under the PDS program, but a single worker, like the DCWs in this case, may be "an employee to two or more employers at the same time." 29 C.F.R. § 791.2(a). Further, numerous authorities that have explicitly addressed the PDS program have held that *many* implementations of the PDS program involve joint employers. *See* DOL Administrator's Interpretation 2014-2, available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/FLSAAI2014_2.pdf.

And, every relevant authority has rejected PPL's assertion that the PDS program *requires* that the Participant act as *sole* employer: the Department of Labor and Center for Medicaid & Medicare guidance specific to the PDS program,[1] the Waiver application governing the Pennsylvania program specifically,[2] and case authority addressing implementation of the PDS program in other states.[3] Indeed, the guide for submitting a waiver application to create a PDS program explicitly states that "there are two ways in which to position the participant to direct staff who provide supports to the participant," and that co-employment is an option that fully

[1] DOL Administrator's Interpretation 2014-2; U.S. Dep't of Health & Human Servs., Ctrs. for Medicare & Medicaid Servs., CMCS Informational Bulletin (July 3, 2014) at 1, *available at* https://www.medicaid.gov/Federal-Policy-Guidance/Downloads/CIB-07-03-2014.pdf (last visited July 27, 2020).

[2] Waiver Appl., Dkt 165-6 at page 170 of 228.

[3] *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983); *Hardgers-Powell v. Angels in Your Home LLC*, 330 F.R.D. 89, 109–111 (W.D.N.Y. 2019).

satisfies the PDS directive to provide for Participant control. *See* Ctrs. for Medicare & Medicaid Servs., *Application for a §1915(c) Home and Community-Based Waiver: Instructions, Technical Guide and Review Criteria* (Jan. 2019) at 223–24, *available at* https://wms-mmdl.cms.gov/WMS/help/35/Instructions_TechnicalGuide_V3.6.pdf (last visited July 27, 2020).[4]

Ultimately what matters is what control was *actually* exercised by PPL, not what role might be played by a fiscal intermediary under a theoretical PDS program. PPL's authority far exceeds the list of responsibilities in 42 C.F.R. § 441.484 (2016), which PPL cites as defining the F/EA role. If anything, that is further evidence that the more accurate title for PPL is not F/EA, but joint employer. Finally, *even if* the PDS regulations actually did include a specific determination of employer status, the Supreme Court has held that "employer-employee classifications under other statutes" do not control employer status under the FLSA. *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150 (1947).

For the foregoing reasons, Defendant's motion in limine regarding judicial notice should be denied.

[4] Notably, Pennsylvania's Waiver application, Dkt. 165-6 at page 178 of 228, leaves Section E-2(a)(i) blank, not specifying whether the Participant would be co-employer or sole employer. However, the Waiver application Section E-1(b) explicitly refers to the Participant as the "employer or the co-employer." Dkt. 165-6 at page 170 of 228.

August 30, 2023

Respectfully submitted,

*/s/Christine E. Webber*
Christine E. Webber (DC #439368)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600
cwebber@cohenmilstein.com

ARNOLD, BEYER & KATZ
Richard Katz, PA Bar No. 20702
140A East King Street
Lancaster, PA 17602
Telephone: (717) 394-7204
Fax: (717) 291-0992
rkatz@arnoldbeyerkatz.com

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com
cbressman@nka.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023, I electronically filed the *Plaintiff's Opposition to Defendant's Motion in Limine for Judicial Notice* with the Clerk of the Court using the CM/ECF, who in turn sent notice to all counsel of record:

Dated: August 30, 2023

*/s/ Christine E. Webber*
Christine E. Webber