**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

RALPH TALARICO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARY SITUATED,

Plaintiffs,

vs.

PUBLIC PARTNERSHIPS, LLC, D/B/A/ PCG PUBLIC PARTNERSHIPS,

Defendants.

Case No. 17-2165

Judge Schmehl

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE INADMISSIBLE TESTIMONY**

Citing to two examples of statements that are clearly not hearsay, Defendant's motion in limine seeks an advance ruling to exclude testimony that constitutes "double hearsay." First, a party's statement, whether oral or written in documents, is not hearsay when offered into evidence by the opposing party. Fed. R. Evid. 801(d)(2). Defendant fails to acknowledge the existence of this rule of evidence. Given that opposing party's statements are not hearsay, they cannot be double hearsay. Second, any objections on hearsay grounds are more appropriately addressed during trial in the course of testimony, when the full context and circumstances can inform the Court's decision particularly given that Defendant does yet not know what testimony Plaintiff will offer at trial.

As for whether Mr. Talarico's statements about what PPL told him lack foundation and personal knowledge, that Mr. Talarico did not know what documents were called, but described their contents (they told him the types of services he needed to provide, they were documents sent to DCWs for caregiving) does not demonstrate any lack of personal knowledge or lack of foundation. Fed. R. Evid. 602 ("Evidence to prove personal knowledge may consist of the

witness's own testimony.") Mr. Talarico described documents that he read. Thus, he has first-hand knowledge of what the documents said. And again, they were documents PPL, the opposing party in this case, sent out to DCWs such as Mr. Talarico. Thus, they are not hearsay, let alone double hearsay.

Defendant's motion should be denied. Any evidentiary disputes with purported hearsay statements may appropriately be addressed during trial.

August 30, 2023

Respectfully submitted,

*/s/Christine E. Webber*

Christine E. Webber (DC #439368)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600
cwebber@cohenmilstein.com

ARNOLD, BEYER & KATZ
Richard Katz, PA Bar No. 20702
140A East King Street
Lancaster, PA 17602
Telephone: (717) 394-7204
Fax: (717) 291-0992
rkatz@arnoldbeyerkatz.com

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023, I electronically filed the *Plaintiff's Opposition to Defendant's Motion in Limine to Preclude Inadmissible Testimony* with the Clerk of the Court using the CM/ECF, who in turn sent notice to all counsel of record:

Dated: August 30, 2023

*/s/ Christine E. Webber*
Christine E. Webber