**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH TALARICO, INDIVIDUALLY AND, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIC PARTNERSHIPS LLC<br><br>Defendant. | } | Docket No. 17-2165<br><br>Judge Schmehl |

**DEFENDANT PUBLIC PARTNERSHIPS LLC'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING WAIVER AND CONTRACTUAL LABELS**

## I. INTRODUCTION

Defendant Public Partnerships LLC ("Defendant"), by its undersigned counsel, hereby opposes the motion in limine of Plaintiff Ralph Talarico ("Plaintiff") to exclude evidence and argument regarding waiver and contractual labels (the "Motion"). This Court should not exclude relevant evidence of the "total employment situation" and "economic realities of the work relationship" under the *Enterprise* joint employment test. Thus, this Court should deny Plaintiff's Motion.

## II. ARGUMENT

PPL does not dispute that the contractual language set forth in the various agreements designating that the Direct Care Workers' ("DCWs") sole employer is the Participant-Employer is not alone outcome determinative of the analysis of whether PPL is a joint employer. However, Plaintiff's argument oversimplifies PPL's arguments to date in an attempt to prevent this Court from hearing and considering relevant evidence at trial.

As this Court is well-familiar, the controlling case for determining joint employment is *In re Enterprise*, 683 F.3d 462 (3d Cir. 2013). The *Enterprise* test for joint employment examines four factors:

(1) The alleged employer's authority to hire and fire the relevant employees;
(2) The alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment, compensation, benefits, and work schedules, including the rate and method of payment;
(3) The alleged employer's involvement in the day-to-day supervision, including employee discipline; and
(4) The alleged employer's actual control of employee records, such as payroll, insurance or taxes.

*Id.* at 471. There is no specific number or combination of factors that conclusively determines whether an alleged employer is a joint employer, and the test cannot be "blindly applied." *Id.* at 469 (quoting *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1471 (9th Cir. 1983)). Whether an alleged employer is a joint employer instead depends on the "total employment situation and economic realities of the work relationship." *Id.* (quoting *Bonnette*, 704 F.2d at 1470) (quotation marks omitted).

PPL has never argued that solely an agreement or contract designating the Participant-Employer as the DCWs' sole employer is outcome determinative of joint employment. *See generally* Def.'s Mot. to Dismiss, ECF Doc. Nos. 11, 12; Def.'s Mot. for Summ. J., ECF Doc. No. 302; Def.'s Appellee Br., Case No. 20-1413, Doc. No. 23. Rather, PPL has repeatedly argued that the evidence of the "total employment situation" and "economic realities of the work relationship" produced one result – that PPL is not a joint employer. Indeed, PPL was successful on summary judgment before this Court because of the evidence of the relationship between the various entities as set forth in the various agreements and the facts of how those roles and duties are performed. *See* Memorandum dated Jan. 28, 2020 (Schmehl, J.), ECF 202, at 2-9 (setting forth the undisputed material facts), 11-18 (applying these facts to the *Enterprise* test and

holding that first three *Enterprise* factors weigh against a finding of joint employment, and that the fourth *Enterprise* factor was merely a neutral factor).[1]

Plaintiff's Motion ignores the facts of the "total employment situation and economic realities of the work relationship." *Enterprise*, 683 F.3d at 469. Plaintiff ignores that the self-directed services model is a Medicaid Home and Community-Based Services waiver program, under which the Commonwealth of Pennsylvania contracts with PPL to act as the vendor fiscal agent. *See* Def.'s Br. in Supp. of Mot. for Summ. J., ECF Doc. No. 158-2, at 8-16. Plaintiff ignores that the self-directed services model is implemented in Pennsylvania through PPL's contract with the Commonwealth and the various program documents, such as the DCW Agreement. *Id.* Thus, the Court should both look to the language of these agreements for the roles that the various entities (DCW, Participant-Employer, Service Coordinator, Common Law Employer, the Commonwealth, and PPL) play, and the other evidence of how these roles, and accompanying duties and obligations, are in fact performed under these agreements. All of this evidence is relevant to and probative of whether PPL is a joint employer.

Plaintiff's Motion essentially repeats the same strawman argument which PPL has never asserted and does not intend to assert. Specifically, Plaintiff argues that PPL "inten[ds] to argue that these contractual terms amount to an agreement that the participants are DCW's sole employers and/or that PPL is not their employer, and therefore that DCWs have waived their

[1] The Third Circuit later agreed with this Court that factors one and three of the *Enterprise* test weigh against concluding that PPL is a joint employer. *See* Opinion dated Dec. 7, 2020, Case No. 20-1413, Doc. No. 51, at 7 ("PPL does not have the authority to hire and fire employees and that the first Enterprise factor thus weighs against concluding that PPL is a joint employer.") & 8-9 ("[t]he third Enterprise factor … weighs against concluding that PPL is a joint employer is not sufficiently involved in the day-to-day supervision of DCWs."). The Third Circuit found that there were disputes of material fact as to factors two and four of the Enterprise test and limited its holding as to factors two and four to the summary judgment standard. *Id.* at 9-10.

right to overtime pay under the FLSA." Pl. Mot. in Lim., ECF Doc. No. 302, at 2. Notably, Plaintiff merely cites to discovery deposition questions and not to the actual arguments that PPL has put before the Court in its Motions and other pleadings. *See* Pl. Mot. in Lim., ECF Doc. No. 302, at 2 (citing various deposition transcripts).

Furthermore, none of the cases cited by Plaintiff hold that such evidence from a contract must be completely barred from consideration in the joint employment context. Rather, the cases cited by Plaintiff describe the contracts that either designated who an employee or employer was, and applying the economic realities test, reach an outcome different from the label applied by the contract. *See Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981) (holding that an employee cannot waive the right to minimum wage and overtime pay, but not holding that all evidence of contractual language should be barred); *Com., Dep't of Lab. & Indus., Bureau of Lab. L. Compliance v. Stuber*, 822 A.2d 870, 874 (Pa. Commw. Ct. 2003), *aff'd sub nom. Com. v. Stuber*, 580 Pa. 66, 859 A.2d 1253 (2004) (in discussing contracts that designated whether an employee was an employee, independent contractor, volunteer, or some other classification, the court considered the contract at issue, but found that the contract "by itself, was not persuasive.") (citation omitted); *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) ("Nevertheless, [the employees'] protestations, however sincere, cannot be dispositive."); *Falk v. Brennan*, 414 U.S. 190, 193, 195 (1973) (finding that employment relationship existed despite contract designating a different entity as the employer, but not holding that the contract could not be considered).[2]

---

[2] Notably, all of the cases cited by Plaintiff were decided before the controlling *Enterprise* case. Moreover, Plaintiff cites the U.S. Dep't of Labor, Wage & Hour Div., Administrator's Interpretation No. 2014-2 at 5 (June 9, 2014), which, like the cases cited by Plaintiff, does not say that contractual language cannot be considered at all, but rather that such language is "not determinative."

Finally, this evidence should not be excluded under Rule 403 of the Federal Rules of Evidence. As Plaintiff himself admits, where this is a bench trial, there is no "risk of prejudice" to the Plaintiff. Pl.'s Mot. in Lim., at 3 ("the risk of prejudice to a jury is not applicable here"). Essentially, Plaintiff's argument is reduced to a claim that introduction of the contested evidence "would waste the Court's and the parties' time." *Id.* at 3. This argument is both an exaggeration of the time it will demand at trial and hypocritical given Plaintiff's proposed presentation of testimony at trial. Even by Plaintiff's own Motion, it is clear that any such questions that it seeks to exclude would be very limited. Ironically, it is plaintiff who intends to offer eight DCWs at trial (wasting the Court's and the parties' time).[3] *See* Plaintiff's Witness List, ECF Doc. No. 300, at 1-2. If these eight DCWs are all permitted to testify, then PPL should not be prejudiced by being precluded from asking all eight of these DCWs about the contracts that they entered into and which contracts govern the employment relationships.

In short, PPL has no intention to "elicit[] or present[] evidence or argument that contractual agreements <u>alone</u> can identify which entity will be considered an employer with the meaning of the FLSA's broad definition." Pl. Mot. in Lim., at 4 (emphasis added). PPL does not, and has never, taken such a position. Accordingly, Plaintiff's Motion should be denied.

## III. CONCLUSION

For all the foregoing reasons, Defendant Public Partnerships LLC respectfully requests that this Court deny Plaintiff's Motion in Limine to Exclude Evidence and Argument Regarding Waiver and Contractual Labels.

---

[3] Plaintiff's proposed witnesses are subject to a separate motion in limine in which PPL seeks to preclude the testimony of those witnesses that were either never disclosed or untimely disclosed. *See* Def.'s Mot. in Lim. to Preclude Testimony from Witnesses Not Previously Disclosed, ECF Doc. No. 299.

Respectfully submitted,

Defendant,

**PUBLIC PARTNERSHIPS LLC**,

By its attorneys,

*/s/ Walter M. Foster*
Clare M. Gallagher (PA ID 47178)
Laura A. Cottington (PA ID 328831)
Walter M. Foster (admitted *pro hac vice*)
Trevin C. Schmidt (admitted *pro hac vice*)
Carson M. Shea (admitted *pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110
Phone: (617) 342-6800
Fax: (617) 342-6899
Email: cgallagher@eckertseamans.com
lcottington@eckertseamans.com
wfoster@eckertseamans.com
tschmidt@eckertseamans.com
cshea@eckertseamans.com

Dated: August 30, 2023

## CERTIFICATE OF SERVICE

I hereby certify that, on August 30, 2023, I electronically filed the foregoing document using the CM/ECF system, and that I served the same by electronic filing via ECF, pursuant to the administrative procedures of the United States District Court for the Eastern District of Pennsylvania governing the filing and service by electronic means, upon all counsel of record.

Date: August 30, 2023

*/s/ Walter M. Foster*
Walter M. Foster