**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RALPH TALARICO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIC PARTNERSHIPS LLC,<br><br>Defendant. | Docket No. 17-2165<br><br>Judge Schmehl |

**DEFENDANT PUBLIC PARTNERSHIPS LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANT'S POST-TRIAL BRIEF**

By his Motion to Strike the Exhibits Submitted in Support of Defendant's Post-Trial Brief (ECF Doc. No. 350), Plaintiff Ralph Talarico, individually and on behalf of all others similarly situated ("Plaintiff"), inappropriately seeks to usurp this Court's authority to determine what may be considered as persuasive legal authority. Without any legal support, Plaintiff seeks to both characterize administrative decisions cited by Defendant Public Partnerships LLC ("PPL") as factual evidence and to prevent the Court from considering those legal authorities.[1] Accordingly, PPL respectfully requests that the Court deny the motion.

In its Post-Trial Brief, PPL cites numerous legal authorities, including five administrative decisions arising out of PPL's role as a fiscal agent in self-directed Medicaid programs in other states: (1) *Sautter*, Case No. WC-188-0320-WAL (N.J. Dep't of Lab. and Workforce Dev. Sept. 28, 2022); (2) *Chatman*, State File No. 35078-2012 (Tenn. Dep't of Lab. and Workforce Dev.,

[1] Aside from the sparse citations to readily distinguishable, out-of-jurisdiction caselaw (detailed below), Plaintiff fails to cite any procedural authority under which he brings this motion.

Workers' Comp. Div., Jul. 25, 2012); (3) *Johnson*, Juris. Claim No. VA02000009443, U06271313 (Va. Workers' Comp. Comm'n, Dec. 30, 2013); (4) *Allgood*, Juris. Claim No. VA02000000485 (Va. Workers' Comp. Comm'n Dec. 22, 2014); and (5) *Rogers*, Charge No. FE2019375168 (Colo. Dep't Reg. Agencies, Colo. Civ. Rights Div. Nov. 5, 2019). *See* PPL's Post-Trial Brief, ECF Doc. No. 347, at 38-41 ("Numerous Administrative Agency Decisions Have Found That There is No Employment Relationship Between PPL and the Providers in Other Self-Directed Medicaid HCBS Waiver Programs").[2]

Plaintiff characterizes PPL's argument and reference to these decisions as an attempt to introduce factual evidence. To the contrary, nowhere in PPL's Post-Trial Brief does PPL argue or suggest that the administrative decisions should be considered as factual evidence. They are relevant legal precedents for the Court to consider as it sees fit.

Plaintiff also baldly states that these administrative decisions "do not provide legal principles that would assist the Court." *See* Pl.'s Mot. to Strike, ECF 350, at 3. Plaintiff fails to cite any legal authority for this position and acknowledges that some of these same administrative authorities were also cited in PPL's Motion for Summary Judgment. *See* Pl.'s Mot. to Strike, ECF Doc. No. 350, at 1-2. In addition, Plaintiff does not acknowledge that he never raised any argument or objection at summary judgment, or during the subsequent appeal to the Third Circuit, that administrative decisions could not be cited as persuasive legal authority.

Plaintiff also argues unconvincingly that PPL "cites factual findings about PPL's role in other PDS programs" and that PPL is "citing these documents as evidence, not as legal

---

[2] PPL attached to its brief a courtesy copy of the *Sautter* hearing transcript, which is publicly available, because the ruling was made during that hearing and not in a separate written decision. *See* ECF Doc. No. 347-1. PPL likewise attached a courtesy copy of the *Rogers* decision to its Post-Trial Brief, *see* ECF Doc. No. 347-2, because courtesy copies of the other three administrative decisions were already on file with the Court with PPL's Motion for Summary Judgment. *See* ECF Doc. No. 158-2 (Exhibit P).

authority." *See* Pl.'s Mot. to Strike, ECF 350, at 3. Of course, in its Post-Trial Brief, PPL did describe some of the facts of those administrative decisions to provide the background illuminating the legal holdings germane to its arguments (as PPL did with the caselaw in its Post-Trial Brief). *See* PPL's Post-Trial Brief, ECF Doc. No. 347, at 38-41. By Plaintiff's faulty logic, discussion of analogous facts in caselaw to persuade the Court would be akin to citing the cases "as evidence." The position is an overreach, untethered to any legal principle, and would result in the striking of all discussion of the facts contained in legal authorities.

Plaintiff otherwise spends the bulk of his motion citing cases that are only from outside this jurisdiction, that do not stand for the proposition that administrative decisions cannot be cited as persuasive legal authority, and that are not factually analogous. *See* Pl.'s Mot. to Strike, ECF Doc. No. 350, at 2-3. In fact, the cases cited by Plaintiff are so factually dissimilar that they are completely devoid of any persuasive value. *See Workplace Techs. Rsch., Inc. v. Project Mgmt. Inst., Inc.*, 664 F. Supp. 3d 1142, 1154–55 (S.D. Cal. 2023) (declining to consider "an unadmitted screenshot and a YouTube video"); *San Miguel Pure Foods Co. v. Ramar Int'l Corp.*, 625 F. App'x 322, 326 (9th Cir. 2015) (does not involve a party attempting to introduce evidence not in the trial record); *Santiago-Sepulveda v. Esso Standard Oil Co. (Puerto Rico), Inc.,* No. CV 08-1950 (CCC), 2008 WL 11357960, at *1 (D.P.R. Oct. 30, 2008) (whether judicial notice could be taken under FRE 201 that the defendant was withdrawing from Puerto Rico's gasoline retail market); *Nat'l Prod., Inc. v. Gamber-Johnson LLC*, 734 F. Supp. 2d 1160, 1167 (W.D. Wash. 2010), *aff'd*, 449 F. App'x 638 (9th Cir. 2011) (declining to consider evidence of damages that was not introduced at trial); *In re Greene*, No. 10-51071-SCS, 2013 WL 1724924, at *19 (Bankr. E.D. Va. Apr. 22, 2013), *aff'd sub nom. Greene v. U.S. Dep't of Educ.*, No. 4:13CV79, 2013 WL

5503086 (E.D. Va. Oct. 2, 2013), *aff'd*, 573 F. App'x 300 (4th Cir. 2014) (declining to consider medical records and a job search file that the *pro se* plaintiff failed to introduce at trial).

The fact that this case was not tried to a jury makes it even more clear that this Court certainly can exercise its discretion and experience in considering relevant legal authorities, including administrative decisions that do not in any way expand the trial record.[3]

For all the foregoing reasons, Defendant Public Partnerships LLC respectfully requests that this Court deny Plaintiff's Motion to Strike the Exhibits Submitted in Support of Defendant's Post-Trial Brief.

Respectfully submitted,

Defendant,

**PUBLIC PARTNERSHIPS LLC**,

By its attorneys,

*/s/ Walter M. Foster*

Walter M. Foster (admitted *pro hac vice*)
Trevin C. Schmidt (admitted *pro hac vice*)
Carson M. Shea (admitted *pro hac vice*)
Laura A. Cottington (PA ID 328831)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110
Phone: (617) 342-6800
Fax: (617) 342-6899
Email: wfoster@eckertseamans.com
tschmidt@eckertseamans.com
cshea@eckertseamans.com
lcottington@eckertseamans.com

Dated: March 1, 2024

[3] Indeed, the Third Circuit and Pennsylvania state courts have noted that an administrative agency's decisions may be relied upon when they are persuasive. *See, e.g.*, *Singh v. Att'y Gen. U.S.*, 807 F.3d 547, 550 (3d Cir. 2015) (deferring to administrative decision's "legal conclusions only insofar as they have the power to persuade."); *Quaglia v. State Ethics Comm'n*, 986 A.2d 974, 984 n.13 (Pa. Commw. Ct. 2010) ("We are not bound by an administrative agency's prior decisions, but we may rely on them when they are persuasive.").

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 1, 2024, I electronically filed the foregoing document using the CM/ECF system, and that I served the same by electronic filing via ECF, pursuant to the administrative procedures of the United States District Court for the Eastern District of Pennsylvania governing the filing and service by electronic means, upon all counsel of record.

Date: March 1, 2024

*/s/ Walter M. Foster*
Walter M. Foster