**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH TALARICO, INDIVIDUALLY AND, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | } | |
| Plaintiffs, | } | Docket No. 17-2165 |
| v. | } | Judge Schmehl |
| PUBLIC PARTNERSHIPS, LLC, D/B/A PCG PUBLIC PARTNERSHIPS. | } | |
| Defendant. | } | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE THE EXHIBITS SUBMITTED IN SUPPORT OF DEFENDANT'S POST-TRIAL BRIEF**

This Court should reject Defendant's unconvincing attempt to paint a sixty-five-page hearing transcript from the New Jersey Department of Labor and other similar documents from different state agencies as "legal authority." *See*, ECF 353 at 1 (PPL's Opposition to Plaintiff's Motion to Strike). It is not legal authority, and Defendant's claim otherwise is also directly contrary to its introduction of other such state agency documents as evidentiary trial exhibits. *See, e.g.*, JX 352, "Letter from PA Bureau of Labor Law Compliance." Accordingly, if Defendant wished to rely on such documents, it should have introduced them as evidence at trial. It did not and its attempt to now slip factual evidence into record under the guise of "legal authority," without affording Plaintiff the chance to challenge the documents on evidentiary bases or address their relevance through trial testimony, is improper.

Defendant's opposition further fails to distinguish Plaintiff's cited caselaw establishing that evidence not admitted at trial cannot be submitted after-the-fact without a full reopening of the record. In arguing that the state agency documents are not factual evidence but instead legal

authority, Defendant misleadingly cites to both a Third Circuit and Pennsylvania appellate state court decision, neither of which held that state administrative agency determinations—much less lengthy hearing transcripts from agency proceedings—can be relied upon as legal authority. Rather, the appellate courts in both *Singh v. Att'y Gen. U.S.*, 807 F.3d 547, 549–50 (3d Cir. 2015) and *Quaglia v. State Ethics Comm'n,* 986 A.2d 974, 976 (Pa. Commw. Ct. 2010) addressed appeals from agency decisions. *See Singh*, 807 F.3d at 547 ("Narinder Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals ("BIA") decision"); *Quaglia*, 986 A.2d at 974 (addressing a "petition for review of the opinion issued by the State Ethics Commission (Commission)"). The question at issue here, whether PPL is a joint employer of Direct Care Workers under the FLSA and PMWA, is not an appeal from any agency decision that must be considered by this Court. The state agency hearing transcripts and determinations are from entirely separate cases involving entirely distinct claims such as workers' compensation, unemployment, or otherwise, all made under the laws of *other states*. These documents are not relevant legal authority and, as discussed in Plaintiff's opening motion, Defendant does not cite them as such.

Other courts, when presented with the opportunity to address such documents and their evidentiary value, have excluded them under Fed. R. Evid. 403. *See Evans v. Cernics, Inc.*, No. 3:14-CV-125, 2017 WL 4863207, at *2 (W.D. Pa. Oct. 26, 2017) ("[e]vidence about the PHRC and the EEOC determinations should be excluded because it presents a risk of unfair prejudice that outweighs its probative value"); *Waters v. Pennsylvania Human Relations Comm'n*, No. 1:13-CV-2652, 2017 WL 24670, at *4 (M.D. Pa. Jan. 3, 2017) (granting motion in limine to exclude reference to EEOC determination report, noting that "the costs associated with admission of this evidence under Rule 403 substantially outweigh its minimal probative value"); *see also Nat'l Indoor Football League, L.L.C. v. R.P.C. Emp. Servs., Inc.*, No. 02:02CV0548, 2007 WL 404007,

at *3 (W.D. Pa. Feb. 1, 2007) (requiring "findings and Orders and/or Judgments from appropriate adjudicative tribunals in other jurisdictions" to be "properly certified and authenticated in accordance with the Federal Rules of Evidence").

Here, neither the Court nor Plaintiff was presented with an opportunity to address such evidentiary questions because Defendant failed to submit these state agency documents as evidence at all. This Court should strike the exhibits attached to Defendant's Post-Trial Brief, ECF Nos. 347-1 and 347-2, and any reference to them or to the documents previously filed in ECF No. 158-2, Exhibit P in Defendant's Post Trial Brief, ECF No. 347, as unadmitted evidence.

Respectfully submitted,

*/s/ Christine E. Webber*

Christine E. Webber (DC #439368)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600
cwebber@cohenmilstein.com

ARNOLD, BEYER & KATZ
Richard Katz, PA Bar No. 20702
140A East King Street
Lancaster, PA 17602
Telephone: (717) 394-7204
Fax: (717) 291-0992
rkatz@arnoldbeyerkatz.com

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133
H. Clara Coleman, MN Bar No. 0401743
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com

*Attorneys for Plaintiff Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, who in turn sent notice to all counsel of record.

Respectfully submitted,

*/s/Christine E. Webber*

Dated: March 5, 2024

Christine E. Webber