**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH TALARICO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) | |
| | ) | Docket No. 17-2165 |
| Plaintiffs, | ) | |
| v. | ) | Judge Schmehl |
| PUBLIC PARTNERSHIPS LLC, | ) | |
| Defendant. | ) | |

**DEFENDANT PUBLIC PARTNERSHIPS LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant, Public Partnerships LLC ("PPL"), respectfully submits this Response in Opposition to Plaintiff's Motion for Reconsideration (ECF No. 356) ("Plaintiff's Motion"), filed by Plaintiff Ralph Talarico, individually and on behalf of all others similarly situated ("Plaintiff"). Plaintiff has moved the Court to reconsider its March 5, 2024, order that granted PPL's Motion to Seal Trial Exhibits and Deposition Designations, (ECF No. 355) (the "Order"), but has not in fact identified any clear error of law (or any other valid grounds on which the Court may reconsider an issue it has already decided). For the reasons set forth herein, Plaintiff's Motion should be denied.

## I. LEGAL STANDARD

A party seeking reconsideration must establish at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because of the interest in finality, however, courts should grant

motions for reconsideration sparingly." *Rottmund v. Cont'l Assur. Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). A party is not entitled to reconsideration simply because it disagrees with the court's decision or believes a different ruling would have been more appropriate, as "[m]ere dissatisfaction with a court's ruling is not a proper basis for reconsideration." *Schlager v. Wetzel*, 2024 WL 1095808, at *1 (W.D. Pa. Mar. 13, 2024) (quoting *Prusky v. Phoenix Life Ins. Co.*, 2003 WL 22597610, *2 (E.D. Pa. Nov. 4, 2003)).

## II. ARGUMENT

In attempting to patch together a basis for reconsideration that meets the strict standard, Plaintiff (1) ignores the confidential status of Medicaid members' personal health information ("PHI"), which is preserved by federal statute; (2) misapplies the Parties' Stipulated Protective Order ("PO"); and (3) overlooks PPL's expressed intentions to protect the confidentiality of trial exhibits marked as confidential under the PO. Instead, Plaintiff erroneously claims that the Order "violates the common law public right of access to judicial records and goes beyond the protections afforded in the Parties' PO." (ECF No. 356 at p. 2). At bottom, Plaintiff's Motion is an inappropriate attempt to seek reconsideration based on Plaintiff's "[m]ere dissatisfaction" with the Order. *Schlager*, 2024 WL 1095808 at *1.

### A. Plaintiff's Motion Fails Because the Interests of Maintaining the Confidentiality of the Sealed Documents Outweigh the Interest of Public Access.

Plaintiff's Motion is premised on the common law right of access to judicial records, which he argues prevails where there are insufficient protectable interests to warrant sealing. However, Plaintiff incorrectly argues that there is no protectable interest in this case that outweighs that right of access. The documents sealed by the Order are all confidential documents pursuant to the PO and contain PHI of Medicaid members. While Plaintiff attempts

to downplay the sensitive nature of such confidential information and the risk of public disclosure of the same, district courts have held that the right of public access clearly does not defeat the necessity to maintain confidentiality of PHI, which is statutorily required by the Health Insurance Portability and Accountability Act ("HIPAA"). Indeed, by enacting HIPAA and permitting disclosure in only very limited circumstances that do not apply here, "Congress has determined a non-exigent disclosure of a citizen's PHI creates a serious and substantial breach of privacy." *See Von Eberstein v. Daiichi Sankyo, Inc. (In re Benicar® (Olmesartan) Prods. Liab. Litig. MDL No. 2606)*, C.A. No. 1:15-cv-02526, 2018 WL 4375219, at *2 (D.N.J. Sep. 13, 2018) (granting motion to seal documents containing PHI); *G. v. Hawaii*, No. 08-00551 ACK-BMK, 2010 U.S. Dist. LEXIS 63199 (D. Haw. June 25, 2010) (same). The risks associated with PHI disclosure are more acute in the context of Medicaid programs because the disclosure of individuals' names and their statuses as Medicaid members opens the door to widespread Medicaid fraud.

PPL's actions throughout this litigation, and as a vendor fiscal agent for a state Medicaid program, have been and continue to be consistent with this principle. During discovery, PPL designated all documents containing PHI as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the PO. Before, during, and after trial, PPL meticulously sought to maintain the protection of such Protected Information[1] by conferring with Plaintiff's counsel and raising confidentiality issues with the Court. The Court properly recognized that the need for confidentiality here outweighed any right of access when it granted PPL's Motion to Seal. Plaintiff has not shown that such decision was a "clear error of law."

[1] As defined in the PO. (ECF No. 59, at p. 2, §1.)

### B. PPL's Motion to Seal Protected Information is Consistent with the Parties' PO.

Plaintiff further unsuccessfully argues that the Order runs contrary to the Parties' PO. PPL's request to seal certain documents, and the Court's approval of the same, is completely in line with the terms of the PO.

The PO reads: "No material containing Protected Information shall be filed in any court or used in any hearing, trial, or other proceeding unless: (a) all Protected Information has been redacted from the material before its filing or use in court; **or** (b) the filing party **obtains leave of court to file the material under seal** before attempting to file the material." (ECF No. 59, at 7, §8) (emphasis added). Plaintiff argues that the Order should be reconsidered because the PO permits redacting confidential information **in addition to** sealing documents containing confidential information. However, the PO does not contain a preference, let alone a requirement, for utilizing one method over the other. PPL followed the procedure required by the PO by seeking leave of court to file the confidential documents under seal prior to the trial record becoming publicly available. This action is entirely consistent with the process in the PO.[2]

Plaintiff also seems to argue that PPL has over-designated documents as confidential under the PO and that Plaintiff was not given an opportunity to challenge such designations. It is unclear how this claim, even if true, would support Plaintiff's argument for reconsideration. This

[2] If Plaintiff is requesting that the documents be unsealed and that, instead, the thousands of pieces of confidential information contained therein be redacted, such a request is impractical, unduly burdensome, and extremely cost-prohibitive, given the sheer number of exhibits, volume of pages, and instances of confidential information present on each page. It would take an incalculable amount of time and expenditure of resources to review, find, and redact confidential information on every page of each confidential document. *See* Fed. R. Civ. P. 1 (A court must apply the Federal Rules of Civil Procedure to "secure the **just, speedy, and inexpensive determination** of every action and proceeding.") (emphasis added). In addition, Plaintiff's preference for one procedure over another is not a viable theory for a motion for reconsideration. *See Botello v. Navient Sols., LLC*, 2023 WL 4014289, at *2 (D.N.J. June 15, 2023) ("A motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling.").

notwithstanding, Plaintiff's theory on this point is meritless. First, the PO allows any party to challenge another party's designation of a document as confidential. Throughout the exchange of discovery, both Parties frequently designated documents as confidential under the PO—a logical fact given the Medicaid context of this case. Plaintiff was free to challenge any of PPL's confidential designations if he felt that the designations were inappropriate. He did not.

Second, Plaintiff's claim that he would have challenged the designations had he known that PPL would be moving to seal the confidential documents used as trial exhibits is a non-starter. A challenge to a designation as confidential is completely unrelated to the process by which a document marked as confidential can be disclosed or published. Specifically, the former is concerned with whether the document or information falls under the PO's definition of Protected Information, while the latter relates to how to maintain the confidentiality of the Protected Information in the event the document is later used at trial or filed on the docket.

PPL's request to seal trial exhibits and deposition designations containing Protected Information was entirely appropriate under the PO, PPL followed all protocols set forth in the PO for making such a request, and the Court did not err by granting PPL's request.

### C. Plaintiff's Waiver Argument is Contradicted by the Parties' Pre-Trial Communications.

Finally, Plaintiff argues that he is entitled to reconsideration because PPL allegedly waived its right to seal the confidential documents admitted into evidence; according to Plaintiff, the Parties only discussed redacting trial exhibits, not sealing them. This argument fails for numerous reasons.

As an initial matter, PPL has always sought to collaborate with Plaintiff's counsel with respect to handling the unique confidentiality contours of this case. PPL has continuously taken action to preserve the confidential nature of these documents, witness identities, and other

Protected Information. With respect to the trial exhibits specifically, it is simply untrue that PPL's counsel and Plaintiff's counsel only discussed redacting trial exhibits during their pre-trial discussions. In fact, PPL's counsel proactively contacted Plaintiff's counsel to discuss how to protect the confidentiality of the trial exhibits, the majority of which had been designated by the Parties as confidential pursuant to the PO. *See* Email dated Oct. 9, 2023, attached hereto as **Exhibit A**. PPL's counsel proposed that the Parties request a conference with the Court to discuss the same. *Id.* This email highlighted that there were **two** distinct confidentiality issues that had to be resolved: (1) how to preserve the confidentiality of trial exhibits when displaying the exhibits during trial and (2) how to preserve the confidentiality of trial exhibits after the trial is over and before the record would be made public. *See id.*

Plaintiff's Motion conflates the two issues. With respect to the former, the Parties discussed the possibility of redacting such documents to be used at trial, but ultimately, after a telephonic conference with the Court on October 12, 2023, it was decided that the exhibits, in their entirety, would simply not be displayed on the courtroom gallery screens. With respect to the latter, PPL's counsel explicitly stated in his email that once the trial was over, "[w]e can then address the court record and perhaps agree to have the exhibits sealed as we have done with other court filings." *Id.* Plaintiff gave no indication that this would be improper or that he would take issue with PPL's post-trial request to the Court to seal the confidential exhibits. Therefore, Plaintiff has been on notice that PPL did not intend to permit all confidential trial exhibits to be made publicly available, and PPL even expressly proposed the path of sealing such exhibits post-trial. Setting aside the fact that, by this date in October 2023, Plaintiff had numerous years to challenge PPL's confidentiality designations, counsel's email provided Plaintiff clear notice and

another opportunity to challenge the confidentiality designations prior to PPL's Motion to Seal and this Court's Order granting that motion. Plaintiff failed to timely act.

Even if PPL had not explicitly raised the post-trial sealing of confidential documents, the fact that PPL's counsel collaborated with Plaintiff's counsel to determine how to mechanically preserve the confidentiality of trial exhibits marked as "confidential" **during trial** does not mean that PPL did not intend to preserve the same confidentiality **after trial**. In fact, PPL's persistent efforts to come up with a way to present the exhibits at trial while adhering to the PO and preserving confidentiality[3] necessarily shows PPL's intention to take such action again after trial before any exhibits became publicly available. The notion that Plaintiff was unaware that PPL had any intention to seal the confidential trial exhibits and deposition designations post-trial is just not credible.

PPL's Motion to Seal was consistent with all prior discussions with, and representations made to, Plaintiff's counsel and the Court. PPL never waived any of its rights, and this Court should not reconsider the Order.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration should be denied.

[3] It is worth noting that the solution reached between the Parties and approved by the Court to preserve the confidentiality of Protected Information in trial exhibits was to simply not present the exhibits to the courtroom gallery—not to redact the confidential pieces of information from the documents and display the redacted exhibit. This is significant because PPL's Motion to Seal sought the same resolution, and the Order is consistent with the Parties' prior methods to preserve the confidentiality of Protected Information.

Respectfully submitted,

Defendant,

**PUBLIC PARTNERSHIPS LLC**,

By its attorneys,

*/s/ Walter M. Foster*
Walter M. Foster (admitted *pro hac vice*)
Trevin C. Schmidt (admitted *pro hac vice*)
Carson M. Shea (admitted *pro hac vice*)
Laura A. Cottington (PA ID 328831)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110
Phone: (617) 342-6800
Fax: (617) 342-6899
Email: wfoster@eckertseamans.com
tschmidt@eckertseamans.com
cshea@eckertseamans.com
lcottington@eckertseamans.com

Dated: April 2, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 2, 2024, I electronically filed the foregoing document using the CM/ECF system, and that I served the same by electronic filing via ECF, pursuant to the administrative procedures of the United States District Court for the Eastern District of Pennsylvania governing the filing and service by electronic means, upon all counsel of record.

Date: April 2, 2024

*/s/ Walter M. Foster*
Walter M. Foster