**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RALPH TALARICO, INDIVIDUALLY AND, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIC PARTNERSHIPS, LLC, D/B/A PCG PUBLIC PARTNERSHIPS.<br><br>Defendant. | } | Docket No. 17-2165<br><br>Judge Schmehl |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**

The Court committed a clear error of law that risks manifest injustice to both Plaintiff and the general public by prematurely granting Defendant Public Partnerships', LLC ("PPL") Motion to Seal Trial Exhibits and Deposition Designations (ECF No. 355). As Plaintiff outlined in his Motion for Reconsideration (ECF No. 356), PPL's motion to seal nearly 86% of the exhibits goes beyond the terms of the parties' protective order ("PO") and the discussions held pre-trial, and it violates a common law right well-established in the Third Circuit. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). Due to this error, Plaintiff respectfully requests that this Court reconsider its order granting PPL's motion to seal and allow the parties to work in tandem to either redact or identify a method to otherwise protect against the unintended disclosure of Protected Health Information ("PHI") or other personally identifiable information ("PII") that does not violate the common law right of access to judicial records.

In its opposition, Defendant glosses over Plaintiff's argument regarding the importance of the common law right of access to judicial records. Instead of addressing the right for public access to judicial records, Defendant tries to use documents that contain limited PHI/PII – that

could be redacted – as its sole argument for sealing trial records, including a large number of documents that do not even contain PHI/PII and that Defendant has not presented any legitimate basis for sealing from the public. Out of the 279 exhibits PPL seeks to seal, 89 – nearly one-third – do not contain any PHI/PII. In fact, PPL's list is so sweeping that it includes exhibits that are publicly available, such as screenshots from PPL's own website (DX 142). Examples of other exhibits that do not contain PHI/PII but that PPL seeks to seal include, *inter alia*:

- DX 122: PPL's Policies and Procedures Manual, Employer Tax Packet
- DX 129, 134, 135; JX 330-33: DHS (OLTL) FLSA Work Group Meeting minutes from November and December 2015
- DX 141: PPL Organization Chart
- DX 152: 2012 RFA
- JX 346: Fair Labor Standards Act: Implementation of Homecare Final Rule PowerPoint
- JX 356: PPL Web Portal Instructional Manual ("PPL Web Manual")

It is not Plaintiff's "preference" for one procedure or another that is the basis for Plaintiff's motion, but rather Plaintiff's fidelity to protecting a common law right long established in this Circuit, which Defendant is seemingly willing to ignore in favor of sealing documents it does not want the public to see. The cases that Defendant cites to as support for its argument that there are interests here such that sealing, rather than redacting, these exhibits is necessary and that these interests may override the right of judicial access are inapposite. In *In re Benicar (Olmesartan) Products Liability Litigation*, the motion at issue was an **unopposed** motion to seal summary judgment exhibits that contained "medical records." 2018 WL 4375219, at *1 (D.N.J. Sept. 13, 2018). In *G. v. Hawai'i*, the motion at issue was also to seal summary judgment exhibits, which were described as "information about medical conditions and treatment." 2010 WL 2607483, at

*1 (D. Haw. June 25, 2010). Here, Defendant's motion is not unopposed, and the exhibits Defendant seeks to seal are trial exhibits, which creates a higher burden for overcoming the presumption of access. *See Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (there is a "'strong presumption that *material introduced into evidence at trial* should be made' available for public access.") (quoting *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981) (emphasis added)). Moreover, none of the exhibits constitute medical records detailing medical conditions or treatment here, while many of them do not contain any PHI or PII at all.

Further, PPL offers no support that its stated risk of injury – the potential for "widespread Medicaid fraud" if names of Medicaid recipients are disclosed – rebuts the strong presumption of public access to judicial records. This speculative risk of injury is particularly insufficient to rebut the presumption where redacting those names or other identifying information could address PPL's claimed risk without trampling the public right of access to trial records, and where a substantial number of exhibits that Defendant seeks to seal do not contain any names of Medicaid recipients or other PHI or PII. PPL has not met its burden of good cause by demonstrating a "clearly defined and serious injury to the party seeking closure" or showing the injury "with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). Indeed, "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Id.* (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). PPL's allegations here are broad and unsubstantiated, and thus do not override the strong presumption to public access.

The parties agree that the PO permits both sealing and redacting documents in certain circumstances. The PO cannot override governing Third Circuit authority regarding the public right of access to trial records, making redaction rather than sealing the appropriate course here.

Defendant, however, is attempting to have these exhibits sealed without exploring alternative options that would satisfy both Defendant's concerns and abide by the right of public access to trial records. Moreover, Defendant has implied that Plaintiff did not oppose this course of action previously, conveniently omitting from its Ex. A (Dkt. 360-1), the preceding email where Plaintiff expressed concerns about Defendant's suggestions for handling confidential information at trial. Exhibit 1 (Email from Webber to Foster, Oct. 9, 2023).[1] Further, during the parties' pre-trial correspondence and conference with the Court, no agreement was reached on how to treat the trial exhibits post-trial. While Defendant claims that "[b]efore, during, and after trial, PPL meticulously sought to maintain the protection of [PII or PHI] by conferring with Plaintiff's counsel," it conspicuously did not confer with Plaintiff's counsel before filing this sweeping motion to seal. Had it conferred with Plaintiff's counsel before filing this motion, Defendant would have found Plaintiff willing to discuss an alternate solution, such as the one Plaintiff now proposes, and willing to coordinate redacting the exhibits in such a manner that would reduce both burden and cost, while still maintaining the public's right of access to judicial records, and particularly the right of access to documents that do not contain any PHI or PII.

In conclusion, the Court committed a clear error of law when it failed to address the common law right of access to judicial records before granting PPL's motion to seal. Manifest injustices to the public would occur should the Court deny Plaintiff's request to reconsider. Therefore, Plaintiff respectfully requests the Court reconsider its order granting PPL's motion to seal trial exhibits, and instead order the parties to redact the exhibits according to the parties' PO.

---

[1] Also in this email, Plaintiff's counsel noted that it is "Plaintiffs' position [] that PPL has significantly over-designated documents as confidential to begin with, including documents which are or have been publicly available on PPL's website, and should never have been designated confidential to begin with." Exhibit 1. This email belies Defendants assertion that "Plaintiff failed to timely act" with respect to Defendant's over-designation.

Dated: April 9, 2024

Respectfully submitted,


*/s/ Christine E. Webber*
Christine E. Webber (DC #439368)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600
cwebber@cohenmilstein.com

ARNOLD, BEYER & KATZ
Richard Katz, PA Bar No. 20702
140A East King Street
Lancaster, PA 17602
Telephone: (717) 394-7204
Fax: (717) 291-0992
rkatz@arnoldbeyerkatz.com

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133
H. Clara Coleman, MN Bar No. 0401743
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com

*Attorneys for Plaintiff Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, who in turn sent notice to all counsel of record.

Respectfully submitted,

Dated: April 9, 2024

*/s/Christine E. Webber*
Christine E. Webber