**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RALPH TALARICO, INDIVIDUALLY AND, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC PARTNERSHIPS, LLC, D/B/A PCG PUBLIC PARTNERSHIPS. <br><br> Defendant. | Docket No. 17-2165 <br><br> Judge Schmehl |

**PLAINTIFF'S BRIEF ON THE SCOPE OF REDACTIONS**

In accordance with the Court's December 13, 2024 order (ECF No. 391), Plaintiff hereby submits his brief addressing the parties' remaining dispute over the scope of proposed redactions of Protected Health Information ("PHI") and personally identifiable information ("PII") from trial exhibits and deposition designations. Shortly after trial concluded in this matter in late 2023, Defendant Public Partnerships LLC ("PPL") moved the Court to seal all trial exhibits and deposition designations (ECF No. 352), which the Court granted prior to Plaintiff's opposition brief. ECF No. 355. When Plaintiff moved the Court to reconsider (ECF No. 356), the Court—noting the Third Circuit's long held recognition of the common law right of access to judicial records—granted Plaintiff's motion and ordered the parties to formulate a plan to redact any PHI or PII contained in trial exhibits or deposition designations. ECF No. 382. After months of negotiation over the proposed redactions, where Plaintiff has conceded to redactions he believes to be superfluous in furtherance of resolving this dispute, PPL continues to insist on redacting the names of Direct Care Workers ("DCW"). These names alone cannot in good faith be considered either PHI or PII, particularly where they have been included in several public filings throughout the course of this litigation, and there are no applicable federal or state laws that prevent the disclosure of employee names when unconnected to other information that could qualify as PHI. PPL cannot articulate any interest justifying these redactions. Therefore, Plaintiff requests that the Court order the parties to leave the names of DCWs unredacted in trial exhibits, transcripts, and deposition designations.

## I.  LEGAL STANDARD[1]

The common law right of access to judicial records in the Third Circuit is "beyond

---

[1] Plaintiff detailed the breadth of the Third Circuit's common law right of access in his motion for reconsideration, ECF No. 356 at 2-3, and therefore repeats only the most salient holdings here.

dispute." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-68 (3d Cir. 1988) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984)); *see also In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (the public right of access "promotes public confidence in the judicial system" (internal quotations omitted)). That "[a]ccess means more than the ability to attend open court proceedings; it also encompasses the right of the public to inspect and copy judicial records." *Littlejohn*, 851 F.2d at 678 (citing *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981)). As this Court has recognized (*see* ECF No. 382 ¶ 1, n.1), the Third Circuit "has definitively held that 'there is a strong presumption that material introduced into evidence at trial should be made' available for public access." *Id.* (quoting *Criden*, 648 F.2d at 823). The presumption may only be rebutted when a party can show that disclosure of the information will result in serious injury, a high burden that requires the articulation of any "compelling, countervailing interests" that must be protected. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671-73 (3d Cir. 2019).

## II.    ARGUMENT

PPL cannot articulate any injury or interest that justifies redacting the names of DCWs in contravention of the Third Circuit's clearly established directive that the public should have open access to judicial records, including exhibits introduced at trial. Therefore, the parties should not be required to redact the names of DCWs from trial exhibits, deposition designations, or trial transcripts.

### A.    **Both Parties Have Previously Disclosed DCW Names in Public Filings**

Directly undermining any argument PPL may make that DCW names should be redacted is the plethora of public filings from both parties that contain the names of dozens of DCWs.[2]

---

[2] *See* ECF No. 158 (PPL's Motion for Summary Judgment) (citing to depositions of DCWs Saschelle Simms, Denise Lang, and Latiesha Santiago); ECF No. 165 (Plaintiff's MSJ

2

Some of the very exhibits PPL now seeks to redact are ones that PPL itself had previously publicly filed as exhibits without redacting the names of DCWs.³ While many of the DCWs whose names appear in the trial exhibits or deposition designations were called as trial witnesses, and therefore understood that their names would be publicly disclosed, even more of the DCWs who are named in exhibits are opt-in Plaintiffs who publicly filed notices of their consent to join this action.⁴ Including the full names of DCWs in public filings has been the parties' normal course of conduct for years, and certainly should not be altered when it comes to trial exhibits, which have a high burden for concealing from public access – a burden PPL cannot meet.

### B. There Are No Laws, Federal or State, That Require Redacting the Names of DCWs

PPL asserts that there are Pennsylvania state laws⁵ that prohibit PPL from disclosing the

---

Opposition) (citing to depositions of DCWs Simms, Lang, and Santiago, as well as publicly filed declarations from DCWs Monique Stone (ECF No. 165-13), Joshua Reeser (ECF No. 165-18), Shaneena Jackson (ECF No. 165-20), Kathy Seeley (ECF No. 165-23), David Yonkin (ECF No. 165-24), Barry Jaggars (ECF No. 165-25), Chrisshonda Segers (ECF No. 165-26), Christine Cotto (ECF No. 165-27), and Douglas Wance (ECF No. 165-28); ECF No. 219 (Plaintiff's Motion for Class Certification) (citing to depositions of DCWs Simms, Lang, and Santiago, as well as publicly filed declarations from DCWs Jackson, Yonkin, Segers, and Wance); ECF No. 228 (Defendant's Opposition to Class Certification) (citing to depositions of DCWs Simms, Lang, and Santiago).

³ *See* ECF No. 228-9 at 5 (also PX 51) (not redacting name of DCW Denise Lang on Common Law Employer Agreement); ECF No. 228-14 at 2 (also PX 32) (not redacting name of DCW Latiesha Santiago on Qualified DCW Rate Sheet); *id.* at 4 (also PX 20) (not redacting name of DCW Denise Lang on Qualified DCW Rate Sheet); *id.* at 5 (also PX 21) (not redacting name of DCW Denise Lang on Qualified DCW Rate Sheet).

⁴ *See, e.g.,* ECF No. 13 (Saschelle Simms consent to join); ECF No. 37 (Denise Lang consent to join); ECF No. 58 (Latisha Santiago consent to join); ECF No. 91 (Martha Chamberlain consent to join); ECF No. 99 (Nicholas Tamburo consent to join).

⁵ As the parties agreed to file their briefs on this dispute simultaneously, Plaintiff does not know all laws PPL intends to rely upon. During the parties' conference attempting to reach agreement on this issue, PPL asserted that Pennsylvania's law governing requests to the state for public records and law controlling when employers may release personnel files supported its position. Plaintiff has anticipated PPL's arguments as best as possible with limited information.

3

names of its employees or that protect state records from disclosure which support its position here. As an initial matter, given that this matter is in federal court, federal statutes and the controlling federal common law interest in public access to judicial records override any potentially applicable state law. As the Court previously recognized (ECF No. 382 ¶ 1 n.1), concerns over patient privacy, such as disclosing the names of Medicaid recipients, may override the strong presumption of access to judicial records and the Court may therefore act to seal or redact records containing PHI or PII in accordance with 45 C.F.R. § 164.512. In light of those concerns, the Court directed the parties to use first names or initials in referring to any Medicaid participants who were not providing testimony at trial themselves – a direction Plaintiff abided by at trial and continues to abide by in redacting exhibits. *See* ECF No. 356 at 4-5. No such direction was given with respect to the names of DCWs, nor did PPL ask for one. Nor could such a directive be reasonably construed as required by federal law. HIPAA protects against the disclosure of health information that is related to "the provision of health care to an individual." 45 C.F.R. § 160.103. However, to protect the PHI and PII of the Medicaid recipients, all other information that could potentially identify the Medicaid recipients will be redacted. A DCW's name alone does not provide any information regarding the provision of health care in violation of HIPAA.

PPL's state law arguments fare similarly. Even if PPL is covered by Pennsylvania's Right-to-Know Law (RTKL), 65 P.S. § 67.101 *et seq.*, which provides for public access to information from the Commonwealth, subdivisions, and agencies, this law does not dictate how federal courts conduct their proceedings or overrule the separately established right to access judicial records. Moreover, none of the 30 RTKL exemptions allow PPL to refuse to disclose the names of DCWs. 65 P.S. § 67.708. In fact, that very section makes explicit that "Nothing in this

4

paragraph shall preclude the release of the name, position, salary, actual compensation or other payments or expenses, employment contract, employment-related contract or agreement and length of service of a public official or an agency employee." 65 P.S. § 67.708(b)(6)(ii). Thus, to the extent that the RTKL *does* apply to DCWs, the information at issue here is specifically authorized to be disclosed.

The Pennsylvania Personnel Files Act, 43 P.S. § 1321 *et seq.*, dictates when and how employees can view their personnel files, but does not protect employee names from being disclosed. Indeed, the Act explicitly states that "[n]othing in this act shall diminish any rights to discovery granted under the rules of the court of Pennsylvania." 43 P.S. § 1324. Plainly Pennsylvania state law similarly cannot diminish the right to discovery or presentation of evidence, or public access to such evidence under federal law.[6] In sum, no state or federal laws PPL identified support its insistence on redacting the names of DCWs.

## III. CONCLUSION

Accordingly, since PPL cannot articulate any interest in redacting the names of DCWs that overrides the public right of access to judicial records, Plaintiff respectfully requests that the Court order the parties to abide by their usual course of conduct and not redact the names of DCWs in trial exhibits, transcripts, and deposition designations.

---

[6] Indeed, even in federal court decisions directing that protective orders be put in place to protect privacy rights related to the contents of personnel files (which routinely include date of birth, social security numbers, and PHI), the names of the individuals whose files are sought are routinely mentioned in court opinions. *See, e.g.*, *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994); *Upshaw v. Janssen Rsch. & Dev., LLC*, 2014 WL 1244047, at *4 (E.D. Pa. Mar. 26, 2014).

5

| | |
|---|---|
| January 27, 2025 | Respectfully submitted, |

*/s/ Christine E. Webber*
Christine E. Webber (DC #439368)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW ● Suite 800
Washington, DC 20005
(202) 408-4600
cwebber@cohenmilstein.com

ARNOLD, BEYER & KATZ
Richard Katz, PA Bar No. 20702
140A East King Street
Lancaster, PA 17602
Telephone: (717) 394-7204
Fax: (717) 291-0992
rkatz@arnoldbeyerkatz.com

NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 340133
H. Clara Coleman, MN Bar No. 0401743
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870

*Attorneys for Plaintiff Class*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 27, 2025 I electronically filed *Plaintiff's Brief on the Scope of Redactions* with the Clerk of the Court using the ECF, who in turn sent notice to all counsel of record.


Dated:   January 27, 2025                          */s/ Christine E. Webber*
                                                       Christine E. Webber