UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH TALARICO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC PARTNERSHIPS LLC, <br><br> Defendant. | Case No. 5:17-cv-02165-JLS <br><br> Judge Schmehl |

**DEFENDANT PUBLIC PARTNERSHIPS LLC'S**
**BRIEF ON THE SCOPE OF DCW REDACTIONS FROM THE TRIAL RECORD**

Pursuant to the Court's Order of December 13, 2024, Defendant, Public Partnerships LLC ("PPL" or "Defendant"), asks the Court to order the redaction of all but the first initial and the last initial of the names of all non-testifying Direct Care Workers ("DCWs") from the trial record, consistent with the Protective Order governing the case and consistent with the protection of individual privacy interests as well as personally identifiable information ("PII").

**INTRODUCTION**

In 2018, the parties proposed and this Court entered a comprehensive Stipulated Protective Order (ECF 59) which has governed every aspect of this case protecting highly confidential and PII, which also comports with the protections and precautions taken under the Federal Medicaid program at the heart of this case. At trial, precautions were taken to maintain the confidentiality and testimony presented throughout the trial. On March 5, 2024, the Court granted PPL's motion to Seal Trial Exhibits and Deposition Designations (ECF 355). Plaintiff then moved for reconsideration of that Order, and the Court directed the parties to meet and

1

confer on a remedial plan for redacting all PHI and PII from trial exhibits and deposition designation.  (ECF 382).

Plaintiff, Ralph Talarico ("Plaintiff"), has agreed with PPL that the addresses and phone numbers of DCWs that appear in the trial record should be redacted (ECF 390 at ¶ 4), and the sole remaining dispute before the Court is a narrow one: whether the full names of non-testifying DCWs should be redacted so that only their first initial and last initial is visible and made public.  PPL contends that the full names of these DCWs should be redacted from the trial record because they are effectively non-parties to this action and there is no legitimate purpose served by releasing their full names to the public.  Redaction of the names of non-parties is comfortably within the interests that courts in this Circuit protect by sealing or redaction[1], and is an appropriate and least restrictive way to balance their privacy concerns with the common law right of access to judicial records.  In addition, guidance is found in Pennsylvania's robust Right-to-Know Law which protects the full names of DCWs from public disclosure under Pennsylvania law.

## LEGAL STANDARD

In In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., 924 F.3d 662 (3d Cir. 2019), the Third Circuit set forth various confidentiality standards which vary based on the type of documents at issue.   Relevant here, the Third Circuit held that "a common law right of access" attaches to "judicial proceedings and records."  Id. at 672.  "Yet the common law right of access

---

[1] This Court, in granting Plaintiff's Motion for Reconsideration noted the broad scope of its discretion on sealing records: "Importantly, this Court maintains the discretion to seal records with PHI and PII as confidential medical information is protected statutorily. See 45 C.F.R. § 164.512 (stating the narrow conditions where "entit[ies] may use or disclose protected health information for the public health activities"). Courts have accordingly sealed records containing PHI based on the determination that patient privacy overcomes the strong presumption of openness in judicial records. See In re Benicar® (Olmesartan) Prod. Liab. Litig., 2018 WL 4375219, at *2 (D.N.J. Sept. 13, 2018) ("[T]he general right of the public to know does not defeat the statutorily-required confidentiality. . . .")." (ECF 382, n. 1).

2

is 'not absolute.'" Id. (quoting Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986)).  Instead, the right of access may be rebutted by showing that an interest in confidentiality or secrecy outweighs the presumption.  Specifically, if the material is the kind of information that courts protect and disclosure will cause a clearly defined and serious injury to the party seeking closure, the court may shield the document from public access.  Id.; see also id. at 673 (applying same standard to right of access to civil trials under the First Amendment).

**FULL NAMES OF NON-TESTIFYING DCWS[2] SHOULD BE REDACTED SO ONLY INITIALS ARE VISIBLE AND PUBLIC**

The only named plaintiff in this action is Ralph Talarico, who has been certified as the collective and class representative for certain DCWs.  In this hybrid collective and class action, some DCWs elected not to opt-in to the FLSA collective and others elected to opt-out of the state class and are not parties to the case, and still others were ineligible to even join in the action.  Other than the DCWs who testified in open court or were deposed, none of the other DCWs have taken an active role in this litigation.  These DCWs have not asserted any claim against PPL whatsoever and as such they are non-parties to this action; they do not control the manner of the litigation, they are not separately represented in this action, and they are not on notice that their full names may be used as evidence in this case.  Accordingly, they are entitled to confidentiality protections as a non-party and the Court should direct the parties to redact their full names from the trial record.

The full names of non-parties to an action are routinely redacted from judicial records that are otherwise admitted into evidence.  In McCowan v. City of Philadelphia, 2021 WL 37372004

---

[2] Any DCWs who voluntarily disclosed their information by testifying in Court, or who filed either a public declaration or consent to join filing with the Court, would not have their names redacted since they are both parties to the case and voluntarily disclosed their names.  This applies to every DCW identified in Plaintiff's brief.

3

LEGAL\75360320\1

(E.D. Pa. Aug. 24, 2021), the Court addressed redaction of the first and last names of complainants and witnesses as well as accused employees. Id. at *3. The Court held squarely that "the personal identifying information of nonparties is precisely 'the kind of information that courts will protect'" and that "disclosure of this information 'will work a clearly defined and serious injury' to the privacy interests of nonparties." Id. at *3 & *4 (various citations omitted). Addressing any First Amendment issues, the Court determined that the "proposed redactions satisfy strict scrutiny to the extent they relate to nonparties" and noted that the personally identifiable information "is entirely irrelevant to the substantive issues for which Plaintiffs intend to rely on these documents." Id. at *4. The Court further held that "[g]iven the collateral nature of this information, its redaction only marginally affects the public's right to access materials filed in relation to judicial proceedings" and "redacting this information, as opposed to sealing the records wholesale, represents the least restrictive means available to protect the privacy interests at stake." Id. at *4 & *5.

McCowan is not an outlier and the common practice in this District appears to favor the redaction of non-party names from exhibits that are otherwise available to the public. E.g., Contour Data Sols., LLC v. Gridforce Energy Mgmt. LLC, 2024 WL 3994375 at *5 (E.D. Pa. Aug. 29, 2024) (granting motion to seal "information about [defendant's] employees' phone numbers and names" because "[t]hese employees are non-parties to the action and their phone numbers and names are immaterial to the adjudication of the pending motions"); Davis v. Elwyn, Inc., 2021 WL 4902333 (E.D. Pa. Oct. 20, 2021) (approving redactions of patient's name in a lawsuit filed by the patient's nurse against her employer that involved the patient's behavior towards her). As in McCowan, 2021 WL 37372004 at *3-4, the names of all the non-party

4

DCWs are "precisely the kind of information that courts will protect" and "disclosure of this information 'will work a clearly defined and serious injury to [their] privacy interests."

Even for the DCWs who are members of either the collective, the class, or both, there is no reason to believe those DCWs knew that their names would be publicly-revealed in the trial record of this action and permanently available to the public through court records. Importantly the full names of those DCWs are "immaterial to the adjudication of the" claims asserted in this action and "entirely irrelevant to the substantive issues" raised by the case. By leaving the first and last initials, PPL has proposed the least restrictive means of protecting their privacy interests while still keeping the record unsealed.

Finally, given that PPL serves as the fiscal agent for PEs through a contract with the Commonwealth of Pennsylvania, PPL urges the Court to consider Pennsylvania's Right to Know Law ("RTKL"), 65 P.S. § 67.101, *et seq.*, in its evaluation. While Pennsylvania law is not binding on this Court's determination, the RTKL exempts the names of DCWs from public record requests: "(28) A record or information: …(ii) relating to the following: …(B) an individual's application to receive social services, including a record or information related to an agency decision to grant, deny, reduce or restrict benefits, including… **the identity of a caregiver or others who provide services to the individual**…" 65 P.S. § 67.708(b) (emphasis added). Given that Pennsylvania law would otherwise protect their identities, the privacy interests of DCWs are strong—especially here where their full names are irrelevant and immaterial to the parties' arguments or the relief requested.

## CONCLUSION

PPL submits that its proposal for the redaction of the full names of DCWs (leaving only initials) is consistent with the common law, Third Circuit precedent and District practice, and is the least restrictive way to protect public access to court records and privacy interests of DCWs.

Respectfully submitted,

/s/ Walter M. Foster
Walter M. Foster
COZEN O'CONNOR
Walter M. Foster (MA 552917)
200 State Street, Suite 1105
Boston, MA 02109
617-849-5012
WalterFoster@cozen.com
Jason A. Cabrera (PA 315804)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-7267
JCabrera@cozen.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 27, 2024, I electronically filed the foregoing document using the CM/ECF system, and that I served the same by electronic filing via ECF, pursuant to the administrative procedures of the United States District Court for the Eastern District of Pennsylvania governing the filing and service by electronic means, upon all counsel of record.

Date:   January 27, 2024                          */s/ Walter Foster*
                                                    Walter M. Foster

LEGAL\75360320\1